■ In the Matter of SAMUEL A. EDELMAN, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Respondents. — Main, J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered August 29, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

Petitioner was employed by the State Department of Health as a Medical Consultant II. By memorandum dated August 23, 1983, petitioner submitted his resignation effective September 21, 1983. This resignation was rescinded by petitioner in a memorandum dated September 14, 1983. According to affidavits by employees of the Department, petitioner was informed in writing in September 1983 that his resignation was accepted and orally that same month that his withdrawal of his resignation was not accepted. Petitioner alleges that he was never informed whether his resignation and subsequent withdrawal were accepted. Petitioner was informed, however, that he would not be permitted access to his work area and, accordingly, petitioner did not return to work after this time.

In January 1984, petitioner gained access to his personnel file, which, petitioner claims, contained no indication of whether his withdrawal of his resignation had been accepted. In an attempt to resolve the ambiguity as to the status of his withdrawal of his resignation, petitioner, by his attorney, wrote to respondent Commissioner of Health and inquired about his status. By letter dated February 15, 1984 and allegedly received on February 23, 1984, the Commissioner replied that petitioner resigned his position effective September 21, 1983. By petition dated May 29, 1984, petitioner then commenced this proceeding to challenge

respondents' refusal to allow petitioner to withdraw his resignation. Respondents moved to dismiss on the ground that petitioner failed to commence this proceeding within the four-month Statute of Limitations. Special Term granted the motion and dismissed the petition. This appeal followed.

Pursuant to 4 NYCRR 5.3 (c), a resignation by one in the civil service may not be withdrawn without the consent of the appointing authority. Whether to permit a resignation to be withdrawn is thereby committed to the discretion of the appointing authority. As a discretionary act, a proceeding to challenge the refusal to allow a party to withdraw his resignation is in the nature of mandamus to review (*see, Matter of De Milio v Borghard,* 55 NY2d 216, 220). The four-month Statute of Limitations for a proceeding in the nature of mandamus to review runs from the date that the determination becomes final, which is the date of the notice or its effective date, if later (*id.*). Of course, the four-month Statute of Limitations will not begin to run until a petitioner receives notice of the determination (*Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834).

Petitioner's claim that he never learned whether his resignation and subsequent withdrawal thereof were accepted until he received the Commissioner's letter of February 15, 1984 is belied by the facts that he never attempted to return to his place of work after he resigned and that he stopped receiving paychecks at this time. These facts, in conjunction with the affidavits submitted on behalf of respondents, support the conclusion that petitioner was informed in September 1983 that his resignation was accepted and that his withdrawal thereof was not accepted. Thus, the four-month Statute of Limitations commenced in September 1983, when petitioner learned the above-mentioned facts. By waiting to commence this proceeding until May 1984, petitioner permitted the Statute of Limitations to expire. Accordingly, Special Term properly granted respondents' motion to dismiss the petition as untimely.

Judgment affirmed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.