■ CHERYL A. GRIESEMER, Respondent, v CLIFFORD F. BOURST, Appellant.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Lomanto, J.), entered April 30, 1987 in Schenectady County, which, upon reargument, *inter alia,* denied defendant's cross motion to dismiss the complaint.

The issue before us is whether Supreme Court properly held that defendant was equitably estopped as a matter of law from pleading the defense of Statute of Limitations in plaintiff's negligence lawsuit. Plaintiff commenced the action against defendant some 4½ years after the accident. Supreme Court ruled that defendant was estopped due to plaintiff's reliance on the notification given her by defendant's insurance agent shortly after the accident that defendant's insurance with his carrier had been canceled before the accident date.

The accident underlying this lawsuit occurred on September 16, 1981 when plaintiff's car was struck in the rear by defendant's vehicle. Plaintiff was informed by Scautub Insurance Agency, who wrote the policy for defendant with Aetna Casu-

---

alty and Surety Company, that Aetna had canceled defendant's insurance some seven months earlier. Plaintiff forwarded to her own insurer, Electric Insurance Company, and the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) a notice of her intention to make a claim as one injured by an uninsured motorist. Plaintiff was advised by MVAIC to proceed against Electric directly.

Plaintiff commenced an action against Electric on September 13, 1984 under the uninsured motorist provision of her policy. Electric, after being unsuccessful in verifying whether defendant was insured, commenced an action against defendant and Aetna. During discovery proceedings, Aetna advised Electric that its cancellation notice to defendant was null and void for failure to comply with Vehicle and Traffic Law § 313 (1) (a), requiring such notice to be printed in 12-point type, and that Aetna would defend defendant. It further advised that the Statute of Limitations had run on the underlying claim. Electric moved for summary judgment dismissing the uninsured motorist claim. Supreme Court denied the motion holding that an issue of fact existed as to whether defendant had been covered by insurance.

Meanwhile, plaintiff commenced a direct action against defendant on February 15, 1986 for personal injury and property damage and moved for consolidation of both actions. Defendant cross-moved for dismissal of the action on Statute of Limitations' grounds (see, CPLR 214 [4], [5]; 3211 [a] [5]). The actions were joined and Supreme Court struck defendant's Statute of Limitations' defense on the ground of equitable estoppel. Both parties cross-moved for reargument. Supreme Court granted reargument, vacated its prior order and, pursuant to CPLR 2221, referred the case to the Justice who had signed the original order. Defendant's motion to dismiss the lawsuit was subsequently denied on equitable estoppel grounds and this appeal ensued.

Estoppel is an equitable remedy. To be entitled to equitable estoppel plaintiff must show, *inter alia*, (1) that defendant made false representations or concealed material facts, (2) that such was done with the intention or expectation that such conduct would be acted upon by her and (3) that defendant had actual or constructive knowledge of the true facts (see, *Gratton v Dido Realty Co.*, 89 Misc 2d 401, 402-403, *affd* 63 AD2d 959). To preclude defendant from raising the Statute of Limitations' defense because of Aetna's misrepresentation of defendant's insurance status, plaintiff must show that Scautub was her agent; that Scautub knew that the true facts were

misrepresented; that Scautub participated in the fraud and thus induced plaintiff not to pursue her remedy against defendant; and that plaintiff not only relied upon false representations of defendant, but that her reliance was justified *(see, Simcuski v Saeli,* 44 NY2d 442, 449).

The present record merely indicates that Aetna contended it had canceled defendant's insurance and that Scautub knew defendant's insurance coverage was denied by Aetna and had informed plaintiff by letter to that effect. Plaintiff has failed to aver that defendant did anything personally or through Scautub to stop plaintiff from suing him. Under these circumstances, plaintiff was not justified in relying on the denial of insurance and acted unreasonably in not pursuing her remedy at law against defendant. At the least, she should have demanded actual verification of defendant's insurance status as did her own insurer, Electric.

Plaintiff, having failed to set forth facts supporting reliance on defendant's alleged misrepresentation or in establishing diligence in ascertaining the validity of Aetna's disclaimer of insurance, has failed to bring her case within any of the exceptions to CPLR 3211. Defendant is entitled to a dismissal of the complaint on the ground of the Statute of Limitations.

Order and judgment reversed, on the law, without costs, cross motion granted and complaint dismissed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.