■ WILLIAM W. KOEPPEL, Appellant, v SOL M. WACHTLER, as Chief Judge of the Court of Appeals of the State of New York, et al., Respondents.—In an action, *inter alia,* for a judgment declaring the invalidity of 22 NYCRR 520.6 as applied to the plaintiff, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered April 20, 1987, as granted that branch of the defendants' motion which was to dismiss the three causes of action asserted in the complaint pursuant to CPLR 3211 (a) (5) on the ground that they are time barred.

Ordered that the order is modified, on the law, by deleting the provision thereof which dismissed the third cause of action alleging a violation of Executive Law § 296 (1) (a) as against the defendant New York State Board of Law Examiners pursuant to CPLR 3211 (a) (5), and substituting therefor a provision denying that relief; and as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the remaining branches of the defendants' motion.

The plaintiff is a law school graduate who suffers from a learning disability known as dyslexia. In July 1984 the plaintiff took the New York State bar examination, as required by

22 NYCRR 520.6. To accommodate the plaintiff's disability, the defendant New York State Board of Law Examiners (hereinafter the board) permitted him (1) an additional nine hours in which to complete the examination and (2) to mark his answers to the multiple choice questions on the question sheet rather than on the separate computer-scored answer sheet. Despite these allowances, the plaintiff failed the bar examination and was notified of this result in December 1984. Consequently, the board did not certify the plaintiff's name to the Appellate Division, Second Department, pursuant to 22 NYCRR 520.6.

On March 21, 1985, the plaintiff's attorney wrote to the board on the plaintiff's behalf requesting a waiver of the 22 NYCRR 520.6 requirement of passing the written bar examination. The board, by letter dated April 10, 1985, indicated that it had no power or discretion to modify the requirements prescribed by the Rules of the Court of Appeals, codified, as amended, as 22 NYCRR part 520.

Thereafter, by petition dated June 12, 1985, the plaintiff applied, pursuant to 22 NYCRR 520.12, to the named individual defendants, in their capacities as Chief Judge and Associate Judges of the Court of Appeals of the State of New York (hereinafter the Court of Appeals), for a waiver of the 22 NYCRR 520.6 requirement concerning the written bar examination, or in the alternative, for permission to take a restructured (i.e., oral) examination.

The plaintiff's application was reviewed by the defendant Associate Judge Richard D. Simons, who determined that the application should be denied. By letter dated June 27, 1985, the plaintiff was informed by the Court of Appeals that his application was denied.

On October 31, 1986, the plaintiff commenced this action seeking, in pertinent part, a declaratory judgment that "22 N.Y.C.R.R. § 520.6, as applied to him, [was] null, void and of no legal effect". After setting forth certain background facts, three causes of action were alleged in the complaint: (1) the application to the plaintiff of 22 NYCRR 520.6 deprived him of the equal protection of the laws in violation of US Constitution 14th Amendment, (2) the application to the plaintiff of 22 NYCRR 520.6 deprived him of the equal protection of the laws in violation of NY Constitution, article I, § 11, and (3) the failure of the board to certify the plaintiff's name to the Appellate Division, Second Department, was in violation of a right conferred upon the plaintiff by Executive Law § 296 (1) (a).

The defendants moved on various grounds to dismiss the complaint. The Supreme Court, Nassau County, granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the three causes of action were time barred.

In determining the applicable limitations period for a declaratory judgment action, the court is to consider whether "the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided", which period would then govern the declaratory judgment action (*Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202; *see, Press v County of Monroe,* 50 NY2d 695, 701-703; *Solnick v Whalen,* 49 NY2d 224, 229-232). Although the plaintiff has characterized the first and second causes of action as involving a denial of his Federal and State constitutional rights to equal protection of the laws, the complaint's allegations and wherefore clause are based upon a claim that 22 NYCRR 520.6 is invalid "as applied to" the plaintiff. We therefore agree with the Supreme Court, Nassau County, that the proper procedural vehicle to challenge whether 22 NYCRR 520.6 had been applied in an unconstitutional manner was a CPLR article 78 proceeding seeking review of the denial of the plaintiff's petition for a waiver of 22 NYCRR 520.6 (*see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 191; *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458; *Matter of Economico v Village of Pelham,* 67 AD2d 272, 276, *affd* 50 NY2d 120). Therefore, the four-month Statute of Limitations applicable to a CPLR article 78 proceeding (*see,* CPLR 217) governed the first and second causes of action in the complaint. Since the complaint was not served within the four-month period following the denial of the plaintiff's petition for a waiver of 22 NYCRR 520.6 by the Court of Appeals, the first and second causes of action were properly dismissed.

However, the plaintiff's third cause of action, alleging a violation of Executive Law § 296 (1) (a), was governed by the three-year Statute of Limitations set forth in CPLR 214 (2), and therefore, that cause of action was not time barred (*see, Koerner v State of New York, Pilgrim Psychiatric Center,* 62 NY2d 442; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 306-307).

We reach no other issues on this appeal, other than the parties' contentions relating to the timeliness of the three causes of action in the complaint. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.