■ In the Matter of RUSSELL J. SMITH, Appellant, v JOSEPH L. KUNKEL et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered May 11, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

Petitioner was employed in a permanent status by respondent State Division of Equalization and Assessment (hereinafter the Division) when, by letter dated August 21, 1986, he submitted his resignation to respondent Joseph L. Kunkel, the Division's administrative officer, effective September 3, 1986. The resignation was for "personal reasons" apparently prompted by petitioner's continued health problems stemming from a June 1986 automobile accident. In a follow-up letter dated August 29, 1986, petitioner wrote to Kunkel seeking to withdraw and rescind his resignation. By written response the same date, Kunkel refused the withdrawal request, citing 4 NYCRR 5.3 (c) and noting that the resignation had been accepted on August 21, 1986. Thereafter, petitioner, acting *pro se,* unsuccessfully commenced a breach of contract action against Kunkel and a CPLR article 78 proceeding against, among others, the Civil Service Department. By letter dated September 25, 1987, petitioner wrote to Kunkel demanding reinstatement. After receiving no response, petitioner commenced the instant CPLR article 78 proceeding challenging Kunkel's refusal to permit withdrawal of the resignation as arbitrary and capricious, and contending that 4 NYCRR 5.3 (c) was unconstitutional. Supreme Court granted respondents' motion to dismiss the petition as barred by the governing

four-month Statute of Limitations and further declared the challenged regulation constitutional.[1] Petitioner has appealed.

We affirm. Petitioner's challenge to Kunkel's August 29, 1986 refusal to allow the withdrawal of his resignation is in the nature of mandamus to review (see, Matter of Edelman v Axelrod, 111 AD2d 468, 469). As such, the four-month limitations period began to run at least by the effective date of petitioner's resignation, i.e., September 3, 1986 (supra). Since this proceeding was commenced one year later, it was clearly untimely.[2] Nor did petitioner's September 1987 reinstatement demand serve to extend this limitations period (see, Matter of De Milio v Borghard, 55 NY2d 216, 220; Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals, 55 NY2d 613). Petitioner's further assertion that respondents should be estopped from raising the limitations defense was not asserted before Supreme Court and, in any event, lacks merit (see, Griesemer v Bourst, 141 AD2d 919, 920). Thus, his nonconstitutional challenge was properly dismissed as untimely.

Petitioner's challenge to the constitutional validity of 4 NYCRR 5.3 (c) is also without basis. Pursuant to this regulation, a resignation may not be withdrawn absent the consent of the appointing authority, in this instance, the Division (see, Matter of Edelman v Axelrod, supra, at 469). Essentially, petitioner maintains that the regulation is constitutionally invalid because it permits the employer to reject a resignation withdrawal without according the employee any procedural safeguards. As a permanent employee, petitioner maintains that he was entitled to a hearing prior to the termination of his employment (citing, Civil Service Law § 75; Matter of Johnson v Director, Downstate Med. Center, 52 AD2d 357, 363-369, affd 41 NY2d 1061). Even accepting, arguendo, that this represents a timely facial challenge to the constitutional validity of the regulation (cf., Koeppel v Wachtler, 141 AD2d 613, 615), the argument overlooks the crucial fact that petitioner was not terminated, but voluntarily resigned. Under the circumstances presented, we do not consider the voluntariness of petitioner's resignation vitiated by the fact that Kunkel rejected his withdrawal request prior to the effective date of his resignation (cf., Cunningham v United States, 423 F2d 1379). Consequently, petitioner's status as a permanent

---

1. We note that Supreme Court effectively converted this aspect of the proceeding into a declaratory judgment action (see, Matter of Choe v Axelrod, 141 AD2d 235, 238-239).

2. We note that the earlier action and proceeding were both commenced after the four-month limitations period expired.

rather than provisional employee is of no moment. Having relinquished his position, petitioner did not retain any constitutionally protected property interest in continued employment *(see, Stone v University of Md. Med. Sys. Corp.,* 855 F2d 167, 172-173). Thus, the summary denial mechanism set forth in 4 NYCRR 5.3 (c) does not offend any procedural due process interest.

· Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.