■ ROBERT A. HARRIS, Respondent, v NEW YORK UNIVERSITY, Appellant.—Order of the Supreme Court, New York County (David Edwards, Jr., J.), entered on June 2, 1989, which, *inter alia,* denied defendant-appellant's motion for summary judgment dismissing the complaint as time barred, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs.

---

In 1972, plaintiff-respondent Robert Allen Harris earned a Master's degree in business administration from the defendant university under the name of Robert Allen Heimowitz. In September 1973, plaintiff legally changed his surname to Harris, and according to the complaint, so advised the Registrar's office of the university's business school on numerous occasions. Between 1973 and 1976, plaintiff allegedly contacted the Registrar's office on numerous occasions to make certain that his name change was properly reflected, and he received repeated assurances. Nonetheless, according to the complaint, the university informed a placement service retained by plaintiff in 1984 that it had no record of plaintiff receiving a degree. The complaint further alleges that defendant failed to confirm plaintiff's receipt of a degree to prospective employers, damaging his reputation in the business community.

The motion court denied both the defendant's motion for summary judgment and the plaintiff's motion to strike defendant's affirmative defense that the action is barred by applicable Statutes of Limitations. In its memorandum decision, the court stated that the two causes stated in the complaint would be time barred, but held that a triable issue was presented on whether defendant is equitably estopped from asserting the Statute of Limitations as a defense.

While we agree with the motion court's analysis of the underlying theories of the causes of action and the applicable Statutes of Limitations, we cannot agree that plaintiff has come forward with sufficient evidence to raise a triable issue of equitable estoppel. (See, Griesemer v Bourst, 141 AD2d 919.) Plaintiff has come forward with no evidence that the offer by the placement office of further placement assistance or the other statements allegedly made by unnamed agents of the university were either fraudulent or an inducement for him to refrain from filing a timely action. (See, Simcuski v Saeli, 44 NY2d 442.) While the record allegations, if true, indicate troubling administrative lapses on the part of the placement office, they do not present the elements of an equitable estoppel. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.