■ In the Matter of ISIDORE LANTHIER, Appellant, v DEPARTMENT OF TRANSPORTATION OF THE STATE OF NEW YORK et al., Respondents.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered January 11, 1991 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondents denying his request to withdraw his resignation from his former position with the Department of Transportation.

On Thursday, May 17, 1990, the day after petitioner, a probationary employee in the position of laborer with respondent Department of Transportation, orally informed a supervisor that he was resigning, petitioner was informed by respon-

dent Gerald Spoor, the Department's chief supervisor for the area, that his resignation was improper and that written resignation was required. By Friday morning, within 24 hours after signing a resignation letter brought to him at his home by a Department employee, petitioner allegedly telephoned Spoor's office to withdraw his resignation. Spoor being unavailable, petitioner told Spoor's assistant to withdraw his resignation and was informed that he would have to speak with Spoor the following Monday to discuss the matter. When petitioner called Spoor on Monday, Spoor advised that his resignation had been sent to the Department's regional office the previous Friday and could no longer be revoked.

When petitioner's subsequent two written requests for reinstatement were denied, he commenced this CPLR article 78 proceeding seeking, *inter alia,* an annulment of respondents' determination disallowing withdrawal of his resignation, a declaration that the Department reinstate him to his former position, and payment of lost income and benefits. Supreme Court dismissed the petition, reasoning that inasmuch as petitioner was a probationary employee, he could be terminated for any reason so long as he was not terminated in bad faith *(see, Matter of Johnson v Katz,* 68 NY2d 649, 650) and hence there was no abuse of discretion in denying his request to revoke his resignation. Petitioner appeals.

At issue is not whether respondents' decision to terminate petitioner was proper, indeed no such determination was ever made *(see,* 4 NYCRR 4.5 [b] [5] [iii]; *cf., Matter of Giannandrea v Meehan,* 117 AD2d 806, *lv denied* 68 NY2d 612), but whether respondents' refusal to allow petitioner to withdraw his resignation was an abuse of discretion. Because this is the only determination made by respondents, it is the only one which may be reviewed *(see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758). The fact that the evidence respecting petitioner's work record may be, as Supreme Court found, sufficient to justify petitioner's termination is of no moment at this juncture, for that is a matter that goes to the validity of petitioner's termination, not to the propriety of the denial of his request to rescind his resignation.

Concerning the latter issue, the pertinent civil service regulations provide that, "[a] resignation may not be withdrawn * * * after it is delivered to the appointing authority, without the consent of the appointing authority" (4 NYCRR 5.3 [c]). And, although a resignation must be written (4 NYCRR 5.3 [a]), there is no such requirement for revocation of the resig-

nation. As it is well settled that "[t]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended" *(Pajak v Pajak,* 56 NY2d 394, 397; *accord,* McKinney's Cons Laws of NY, Book 1, Statutes § 74), it follows that prior to the delivery of petitioner's written resignation to "the appointing authority" such resignation could be withdrawn orally by petitioner without the appointing authority's consent *(see, Haine v Googe,* 248 F Supp 349, 351-352). However, whether Spoor's assistant who received and processed the resignation on the Friday morning in question qualifies as "the appointing authority", and whether the resignation was delivered to "the appointing authority", whomever that should prove to be, prior to petitioner's attempt to orally withdraw it, are material issues of fact which must first be resolved before it can be determined whether the appointing authority's consent was required and, if so, whether its denial was an abuse of discretion *(see,* CPLR 7804 [h]).

Petitioner's claim that respondents are estopped from rejecting his revocation as untimely or improper by virtue of Spoor's assistant telling him to call back on Monday to speak with Spoor regarding such revocation is unavailing; although respondents note in their brief that equitable estoppel principles can be invoked against the State in these circumstances *(see, Hueber Hares Glavin v State of New York,* 75 AD2d 464, 468), it is inappropriate to do so given that petitioner has not shown that the assistant's actions involved the knowledge and intention necessary to establish waiver or equitable estoppel *(see, supra; Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82).

Weiss, P. J., Mahoney and Harvey, JJ., concur.

Casey, J. (dissenting). As I view this proceeding, the undisputed determinative facts are as follows. Petitioner, a probationary employee in respondent Department of Transportation, orally informed a supervisor on May 16, 1990 that he wished to resign his position. The next day, upon being informed by respondent Gerald Spoor, the chief supervisor for the area, that a resignation had to be in writing, petitioner signed the letter of resignation that was brought to his home by a Department employee. There is no indication that petitioner's resignation was involuntary or coerced by any member of the Department. By the following morning, Friday, May 18, 1990, petitioner apparently regretted his action and phoned Spoor to withdraw his resignation. Because Spoor was then unavailable, petitioner informed Spoor's assistant that he

wished to withdraw his resignation and was told that he would have to discuss that matter with Spoor on the following Monday. When petitioner did so, Spoor informed him that revocation of his resignation was not possible, inasmuch as the resignation had already been forwarded to the Department's regional office.

The majority finds this refusal by the Department to permit petitioner to revoke his resignation to present at least a question of fact that requires further consideration in a remittal. In the circumstances, as I view them, I find remittal for this purpose to be unnecessary and improper.

The regulations clearly provide, as the majority concedes, that "[a] resignation may not be withdrawn * * * after it is delivered to the appointing authority, without the consent of the appointing authority" (4 NYCRR 5.3 [c]). The "appointing authority" must be considered to be the Department, and delivery of the letter of resignation to Spoor's assistant was certainly proper delivery to the Department. It follows, therefore, that after such proper delivery to the appointing authority the resignation could not be withdrawn without the consent of the appointing authority (4 NYCRR 5.3). Petitioner has not obtained such consent, because his two written requests for reinstatement have been denied. As a probationary employee, petitioner has no right to a termination hearing and there is no suggestion that any member of the Department acted in bad faith.

Accordingly, I believe Supreme Court correctly dismissed petitioner's application and its judgment should be affirmed.

Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.