■ In the Matter of STEPHEN POPP, Appellant, v TOWN OF CORNWALL, Respondent, et al., Respondent. [664 NYS2d 338] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Tuxedo revoking the petitioner's appointment as a probationary police officer with the Tuxedo Police Department and a determination of the Town Supervisor of the Town of Cornwall which did not allow him to withdraw his resignation from his position as a police officer with the Cornwall Police Department, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Angiolillo, J.), dated October 15, 1996, as granted the motion of the Town of Cornwall for summary judgment dismissing the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In July 1994 the petitioner had been working as a police officer for the respondent Town of Cornwall for about twelve years. On July 13, 1994, the petitioner was offered a position as a probationary police officer with the respondent Town of Tuxedo, effective August 1, 1994. On July 14, 1994, the petitioner submitted a letter of resignation to the Town of Cornwall's Chief of Police. Within a day or two, the Chief of Police delivered the letter to the Town Supervisor, who is a presiding officer of the Town Board, the appointing authority of the Town of Cornwall. On or about July 28, 1994, the petitioner was advised that the Town Board of the Town of Tuxedo had revoked his appointment on July 27, 1994. Thereafter, the petitioner orally requested from the Chief of Police and the Town Supervisor that he be able to withdraw his resignation, and his request was denied. As a result, the petitioner commenced this proceeding. The petition against Tuxedo was dismissed on the ground that a probationary officer may be terminated at any time

without reason. In the order and judgment appealed from, the Supreme Court granted Cornwall's subsequent motion for summary judgment and dismissed the proceeding. On appeal, the petitioner contends that issues of fact exist as to whether his resignation was valid pursuant to Public Officers Law § 31 and whether consent to withdraw it should have been given.

Under Public Officers Law § 31, a resignation must be in writing and addressed and delivered to the officer or body to whom it is made. The petitioner's letter of resignation was submitted to the Chief of Police on July 14, 1994. The Chief of Police, acting as a conduit, delivered that letter to the Town Supervisor within two days. Under Public Officers Law § 31 (3), a resignation tendered to the Town Board may be delivered to the presiding officer. Under Town Law § 60, the Town Supervisor is a member of the Town Board and, when present, is the presiding officer of the Town Board. Therefore, delivery to the supervisor was effective delivery on the Town Board. Since the resignation was effective, it could not be withdrawn, cancelled, or amended except with the consent of the officer to whom it is delivered or the body with whom it is filed (*see,* Public Officers Law § 31 [4]; *Matter of Lanthier v Department of Transp.,* 183 AD2d 1083). Since the record reveals a reasonable basis for the supervisor's decision not to consent to the petitioner's withdrawal of his resignation, and there is no indication that the decision was affected by an error of law, was arbitrary and capricious, or that it constituted an abuse of discretion, this Court may not substitute its judgment for that of the supervisor (*see,* CPLR 7803 [3]; *Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508, 520; *Matter of Bloomer v Kirwan,* 36 AD2d 775). Accordingly the petition was properly dismissed. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.