Diane M. PURICELLI and Charles E. Hughes, Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY, d/b/a CNA Insurance Company, Defendant.

No. 98–CV–359(LEK/RWS).

United States District Court, N.D. New York.

Nov. 17, 1999.

Lombardi, Reinhard, Walsh & Harrison P.C., Paul E. Davenport, of counsel, Albany, NY, for Plaintiffs.

Fox & Grove, Chartered, Steven L. Gillman, of counsel, Chicago, IL, for Defendant.

### MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

In this case the Court addresses federal age discrimination claims, with supplemental state law claims, asserted by two individuals against their former employer, an insurance company. The events underlying these claims took place in the transition period when Plaintiffs' former employer was aquired by Defendant. The Court must assess the claims of age discrimination against a background of workplace

restructuring, new supervisors, and apparently inconsistent management that was pressuring Plaintiffs to adapt to new methods, tools and goals. In particular, the Court must focus on whether Plaintiffs actually suffered work–related harm, whether certain critical or disparaging remarks by supervisors give rise to an inference of discrimination, whether other acts by management were discriminatory or merely unfair, and whether Defendant has set forth legitimate reasons for any adverse treatment Plaintiffs may have suffered.

Now before the Court are Defendant's motions for summary judgment against Plaintiff Diane M. Puricelli (26 May 1999, Doc. 30) and Plaintiff Charles E. Hughes (26 May 1999, Doc. 33), Defendant's Motion to Strike Plaintiffs' Affidavits (26 May 1999, Doc. 42), Defendant's Motion to Strike Paragraphs 14–16 of the Susan N. Forkey Affidavit (26 May 1999, Doc. 44), Defendant's Motion to Strike Affidavit of Paul E. Davenport (26 May 1999, Doc. 46), and Defendant's Motion to Strike Plaintiffs' Rule 7(f) [*sic*][1] Statement (26 May 1999, Doc. 48).

## I. BACKGROUND

Plaintiffs Diane M. Puricelli ("Puricelli") and Charles E. Hughes ("Hughes") worked for Continental Insurance Company, which was acquired by Defendant CNA in 1995. Following a transition period, in 1996, CNA demoted Puricelli to a position she had held previously, and reassigned Hughes. Later in 1996 each Plaintiff found new employment and left CNA. In 1998 they brought this action in the United States District Court for the Northern District of New York, pursuant to the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. §§ 621–634 (1999), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290–301 (McKinney 1999). They claimed that the Defendant unlawfully subjected them to harass-ment, adverse employment action, and constructive discharge because of their age. Plaintiffs seek back pay and benefits; front pay and benefits; liquidated damages; damages for emotional distress and mental anguish; punitive damages; costs, disbursements and attorneys' fees; and such other and further and different relief as the Court deems just and proper.

## II. DISCUSSION

### A. *Standard of Review*

Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986) (*citing United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth spe-

---

1. The title of Defendant's motion accurately reflects the title of Plaintiffs' submission, which the Plaintiffs presumably meant to title "7.1 (f) Statement"; there is no Local Rule "7(f)." The Court advises attorneys for Plaintiffs and Defendant, that, in any case, under the 1 January 1999 amendments to the Local Rules of the Northern District (available on-line at <http:// www.nynd.uscourts.gov/local-rul.htm>), Statements of Material Facts submitted pursuant to support of summary judgment motions are now termed "Rule 7.1(a)3 Statements." The titles and texts of the material fact statements submitted in May 1999 by attorneys for both sides pursuant to this sum-

cific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e), *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348; it "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *First Nat'l Bank of Az. v. Cities Serv. Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

### B. *Northern District Motion Practice*

■ Local Rule 7.1(a)3 (formerly 7.1(f)) requires that the party opposing a motion for summary judgment shall file a response to the moving party's Statement of Material Facts. That response

> shall mirror the movant's Statement ... by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises.... *Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.*

In its summary judgment motion Defendant submitted Rule 7.1(f) Statement of Undisputed Facts in Supp. of Def.'s Mot. for Summ. J. as to Pl., Diane M. Puricelli (26 May 1999, Doc. 32) (hereinafter 7.1(f) Statement as to Puricelli), and Rule 7.1(f) Statement of Undisputed Facts in Supp. of Def.'s Mot. for Summ. J. as to Pl., Charles E. Hughes (26 May 1999, Doc. 35) (hereinafter 7.1(f) Statement as to Hughes). In response, Plaintiffs submitted Rule 7(f) [*sic*] Statement (26 May 1999, Doc. 39). Plaintiffs' submission fails to comply with L.R. 7.1(a)3; it does not "mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs." Because Plaintiffs have not met this obligation to controvert with spec-

ificity the facts set forth in Defendant's Statements, the Court in accordance with L.R. 7.1(a)3 will deem admitted all the facts set forth in Defendant's Statements of Material Facts (Docs. 32 and 35).

Among these admitted facts are that "Puricelli did not hear any member of CNA management make a negative or derogatory about [*sic*][2] her age" (7.1(f) Statement as to Puricelli at 13, ¶ 53); that "Hughes never heard a member of CNA management make a negative or derogatory remark about his age. He never heard a member of CNA management make a negative or derogatory remark about older employees .... or ... about older people" (7.1(f) Statement as to Hughes at 11, ¶ 43); and that the only change in Hughes's job when he was reassigned was an additional investigative responsibility (*id.* at 8, ¶ 25).

### C. *Legal Issues*

The Plaintiffs, for both their federal and state law claims, must demonstrate that they have made out a prima facie case of age discrimination. If they do so, then the Defendant needs to articulate a legitimate, non-discriminatory reason for its actions. If the Defendant succeeds in doing that, then the Plaintiff must demonstrate that those reasons are false, and were merely pretexts for discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 802, 804–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Spence v. Maryland Cas. Co.,* 995 F.2d 1147, 1155, 1158 (2d Cir.1993).

■ A prima facie case of age discrimination requires that a plaintiff show (1) membership in the protected class or age group, (2) qualification for the position, (3) subjection to an adverse employment decision or discharge, and (4) that the decision or discharge took place under circumstances that give rise to an inference of discrimination. This Circuit characterizes the requirements for establishing a prima facie case as "minimal." *Austin v. Ford Models, Inc.,* 149 F.3d 148, 152 (2d Cir. 1998).

---

mary judgment motion should have reflected this change.

**2.** Defendant presumably intended the adjectives to modify a word such as "remark."

D. *Application of Summary Judgment Standard to Plaintiffs' Case*

■ The Court, reviewing the parties' submissions in accordance with the summary judgment standards set forth above, must first determine whether the Plaintiffs have made out a prima facie case of age discrimination. Puricelli was demoted; that is beyond question an adverse employment decision. Hughes was reassigned, and maintained his level of pay. He contends that this was an adverse employment decision because his new assignment was a dead-end position, with no possibility of promotion. Plaintiffs do not, however, provide an objective basis for that characterization of the position, and have not reconciled Hughes's assertion with the promotions that three other employees also reassigned to Hughes's new unit subsequently received. (Reply Mem. in Supp. of Def.'s Mot. for Summ. J. as to Pls. Diane M. Puricelli and Charles E. Hughes at 11–12 (26 May 1999, Doc. 41) (hereinafter Reply Mem.).) In addition, as noted *supra* p. 94, it is an uncontroverted fact that the only change in Hughes's job when he was reassigned was an additional investigative responsibility. (7.1(f) Statement as to Hughes at 8, ¶ 25.)

■ The Court therefore finds that there are no genuine issues of material fact that would tend to support a finding that Hughes was subject to an adverse employment decision. Nor are there are genuine issues of material fact that would tend to support a conclusion that Hughes was constructively discharged—that is, that Defendant deliberately created working conditions for Hughes that were so difficult or unpleasant that a reasonable person in Hughes's shoes would have felt compelled to resign. *See Spence,* 995 F.2d at 1156 ("[u]nless the evidence is sufficient to permit a rational trier of fact to find that the employer deliberately created working conditions that were 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign,' a claim of constructive discharge should be dismissed as a matter of law; . . . by summary judgment." (citations and internal quotation marks omitted)).

Plaintiffs, in order to demonstrate circumstances that give rise to an inference of discrimination, cite comments purportedly made by their managers, Kevin Romer ("Romer") and Kay Smith, including "You can't teach an old dog new tricks," another observation to the effect that their group was slow in picking up the new computer system, a remark that the work in the revised operation would not use the experience or analytical skills of the more experienced adjusters, and an observation that older adjusters were finding it difficult to adapt to the new claims culture. The Court will deem such comments to be "stray remarks," unless Plaintiffs present other indicia of discrimination by virtue of which a jury could conclude that the comments "bear a more ominous significance." *Danzer v. Norden Sys., Inc.,* 151 F.3d 50, 56 (2d Cir.1998).

■ The apparent core of the Plaintiffs' arguments is that, during the transition period following Defendant CNA's acquisition of Plaintiffs' original employer, Continental, their managers told them to perform their work in certain ways, and make certain goals (e.g., closing files) priorities at the expense of other goals (e.g., keeping settlement values low). Then, after the transition period, their managers criticized them for poor performance on the goals that they had been told to make low priorities—for aspects of their work performance that were the direct and predictable results of the instructions the managers had given them. The Defendant had, in essence, "moved the goal posts" on the Plaintiffs.

■ Some of Defendant's actions may have been capricious or unfair. That, however, would raise questions of managerial competence, not of unlawful age-based discrimination. Absent a showing of bad faith on the part of an employer in making its decisions, it is not this Court's role to pass judgment on the wisdom of a business's management. *See Thornley v. Penton Publ'g, Inc.,* 104 F.3d 26, 29 (2d Cir. 1997). Even when the Defendant's actions

are combined with the managers' purported remarks, they do not raise a triable issue of age discrimination.

■ Even if the Plaintiffs were able to make out a prima facie case of age-based discrimination, Defendant has submitted legitimate, nondiscriminatory reasons for Puricelli's demotion and Hughes's reassignment. Defendant cites specific job-performance concerns that Romer raised with Puricelli:

> a problem in pending reduction; suit referral letters and joint file reviews not consistently done within stated time frames; problems using Colossus [a newly-introduced, complex software system for assessing claims values]; improper file documentation; assuring that adjusters (rather than counsel) were negotiating their cases; proper application of comparative negligence and proper evaluation of damages.

(Reply Mem. at 9 (footnote omitted).) All of these are problems set forth in Defendant's 7.1(f) Statement as to Puricelli at 8, ¶ 25. As explained *supra* p. 94, the Court has deemed these facts admitted as uncontroverted; they constitute legitimate, non-discriminatory reasons for Puricelli's demotion. Likewise, Defendant's 7.1(f) Statement as to Hughes sets forth problems with Hughes's performance that the Court has deemed uncontroverted facts. (*See* 7.1(f) Statement as to Hughes at 6, ¶ 18, at 8–9, ¶¶ 28–31.) Thus, even if the Court had found that Hughes had been subject to adverse employment action, these uncontroverted facts would constitute legitimate, non-discriminatory reasons for such actions. Finally, Plaintiffs have not set forth information that raises a genuine issue of material fact tending to support a finding that these reasons were pretexts for discrimination.

Accordingly, in the absence of other, properly presented indicia of discrimination, the Court finds the managers' purported comments to be stray remarks that do not support a discrimination suit. Neither the purported remarks nor any of the Defendant's employment actions toward the Plaintiffs creates a genuine issue of material fact tending to support a view that the Defendant constructively discharged either of the Plaintiffs. The Court will, therefore, GRANT the Defendant's summary judgment motions.

### E. *Plaintiffs' State Law Claims*

Plaintiffs' age discrimination claims under state law are governed by the same standards as their federal claims, *see* Spence, 995 F.2d at 1158, and the Court accordingly will GRANT the Defendant summary judgment against those claims.

### F. *Motions to Strike*

Having granted Defendant's summary judgment motions, the Court need not decide Defendant's motions to strike the Affidavits (26 May 1999, Doc. 37) of Puricelli and Hughes, to strike Paragraphs 14–16 of the Susan Forkey Affidavit (*id.*), to strike the Affidavit (26 May 1999, Doc. 38) of Paul Davenport, and to strike the Plaintiffs' Rule 7.1(a)3 statement (26 May 1999, Doc. 39). (Defendant's motions Docs. 42, 44, 46, 48, *supra* p. 93.) The Court will, therefore, DISMISS those motions as moot.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendant's motion for summary judgment against Plaintiff Puricelli is **GRANTED**; and

IT IS FURTHER ORDERED that Defendant's motion for summary judgment against Plaintiff Hughes is **GRANTED**; and

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiffs' Affidavits is **DENIED as moot**; and

IT IS FURTHER ORDERED that Defendant's Motion to Strike Paragraphs 14–16 of the Susan N. Forkey Affidavit is **DENIED as moot**; and

IT IS FURTHER ORDERED that Defendant's Motion to Strike Affidavit of Paul E. Davenport is **DENIED as moot**; and

IT IS FURTHER ORDERED that Defendant's motion to strike Plaintiffs' Rule 7.1(a)3 statement is **DENIED as moot**; and

IT IS FURTHER ORDERED that Plaintiffs' suit is **DISMISSED IN ITS ENTIRETY**; and

IT IS FURTHER ORDERED that **THIS CASE IS HEREBY CLOSED**; and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.