■ FRANK P. NOVAK, JR., Respondent-Appellant, v ROYAL LIFE INSURANCE COMPANY OF NEW YORK, INC., et al., Appellants-Respondents. [726 NYS2d 784] —Mercure, J. Cross appeals from an order of the Supreme Court (Keegan, J.), entered December 6, 2000 in Albany County, which, *inter alia*, partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant Royal Life Insurance Company of New York, Inc. in its premium accounting department. Plaintiff has diabetes and, in 1994, he was diagnosed with Graves Disease, a thyroid condition that exacerbated his diabetes and interfered with his work performance. In April 1995, Royal relieved plaintiff of his duties and placed him on an involuntary leave of absence. Plaintiff thereafter commenced this action, pleading causes of action under Executive Law § 296: (1) against Royal for subjecting plaintiff to a hostile work environment by, among other things, focusing undue attention on his illness, (2) against Royal for subjecting him to disparate treatment with respect to the terms and conditions of his employment due to his disability, and (3) imposing individual liability against defendant Lawrence Leonardo, the manager of Royal's Albany office, based upon his actions in discriminating against plaintiff on the basis of his illness. Defendants moved to dismiss the complaint and for summary judgment. Supreme Court granted summary judgment in favor of Royal dismissing plaintiff's first cause of action upon the ground that the acts complained of by plaintiff were infrequent and not pervasive enough to establish a hostile work environment, but denied the motion with regard to the second and third causes of action. The parties cross-appeal.

Initially, we conclude that Supreme Court did not err in dismissing plaintiff's first cause of action. Discrimination by virtue of a hostile work environment occurs when workplace harassment is "sufficiently severe or pervasive 'to alter the

conditions of [the victim's] employment and create an abusive working environment' " (*Meritor Sav. Bank v Vinson*, 477 US 57, 67, quoting *Henson v Dundee*, 682 F2d 897, 904; *see, Mauro v Orville*, 259 AD2d 89, 91 n 3, *lv denied* 94 NY2d 759). A determination as to whether a workplace is hostile is based on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" (*Harris v Forklift Sys.*, 510 US 17, 23). In view of the prevailing standard, we cannot disagree with Supreme Court's conclusion that the conduct alleged by plaintiff, which consisted of occasional sarcastic remarks about plaintiff's weight and a heightened awareness of plaintiff's medical condition, fell short of making out a prima facie case.

We also agree with Supreme Court's denial of defendants' motion with respect to the second cause of action. The February 2, 1998 affidavit of Michael Walker, plaintiff's treating endocrinologist, raised a material question of fact on the ultimate issue of whether plaintiff's disability prevented him from being able to perform the duties of his job as of the time of his actual termination (*see,* Executive Law § 292 [21] [c]; § 296 [3-a] [g]; *Matter of McEniry v Landi*, 84 NY2d 554, 558; *Matter of Antonsen v Ward*, 77 NY2d 506, 513). Despite the clear conflict between the opinion stated in the present affidavit and that previously expressed by Walker, based upon Walker's rational explanation for the discrepancy, we are not inclined to disregard his affidavit (*cf., Regula v Ford Motor Credit Titling Trust*, 280 AD2d 843, 844).

We similarly conclude that plaintiff's application for and acceptance of disability benefits is not necessarily fatal to the second cause of action. Notably, by purposefully relieving plaintiff of his duties and "plac[ing] him in a non-salary status unless he fulfill[ed] the requirements for short term disability," defendants effectively required plaintiff to file an application for disability benefits. We do not feel that plaintiff's reaction to such a Hobson's choice may be viewed as conclusive evidence of disability. Under all the circumstances present here, it is our view that the evidence cited to by defendants "suffices only to raise questions as to [plaintiff's and Walker's] credibility which are not appropriately resolved on a motion for summary judgment" (*Almodovar v City of New York*, 267 AD2d 10; *see, Piraeus Jewelry v Interested Underwriters at Lloyd's*, 246 AD2d 386, 387).

We agree with defendants, however, that Supreme Court

erred in refusing to dismiss the third cause of action. In order to impose liability against Leonardo, plaintiff was required to oppose defendants' prima facie showing with evidence sufficient to raise a question of fact as to whether Leonardo had any ownership interest in Royal or any power to do more than carry out personnel decisions made by others (*see, Patrowich v Chemical Bank*, 63 NY2d 541). In our view, plaintiff's conclusory allegation that "everyone at Royal knew, as I did, that [Leonardo] as head of our employer * * * had the power to hire, fire, transfer and promote employees in Royal's Albany headquarters" is insufficient (*Swits v New York Sys. Exch.*, 281 AD2d 833, 835; *see, Zuckerman v City of New York*, 49 NY2d 557, 563-564).

The parties' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the third cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.