■ In the Matter of ODILON MARTINEZ, Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [741 NYS2d 602] —Mugglin, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered April 13, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

On June 8, 2000, petitioner was advised by his two supervisors that, due to unsatisfactory work performance, his probationary appointment as a Laborer, Grade 6, would terminate in one week and he would be returned to his former position of Cleaner, Grade 5. Upset, petitioner went to the office of the Director of Human Resources where he signed a letter of resignation. The following day, the Director notified petitioner by letter that, in effect, his resignation had been accepted. On June 13, 2000, petitioner wrote the Director requesting withdrawal of his resignation. The same day, he was advised by the Director that his request was denied because his resignation had already been accepted. Petitioner then commenced this CPLR article 78 proceeding seeking, inter alia, to compel acceptance of the withdrawal of his resignation, annulment of the termination of his probationary promotion, together with reinstatement thereto, and a new probationary term. Before answering, respondents moved to dismiss the petition for failure to state a cause of action, which Supreme Court granted.

Initially, we conclude that Supreme Court's reliance on *Matter of Smith v Kunkel* (152 AD2d 893, *appeal dismissed* 74 NY2d 944) is misplaced since the issue of whether a failure to accept a withdrawal of a resignation constitutes an abuse of discretion was not therein addressed.

Pursuant to 4 NYCRR 5.3 (c), a resignation tendered by one in civil service "may not be withdrawn, cancelled or amended after it is delivered to the appointing authority, without the consent of the appointing authority." Allowing the withdrawal of a submitted resignation is committed to the sound discretion of the appointing authority (*see, Matter of Edelman v Axelrod*, 111 AD2d 468, 469), but this exercise of discretion may not be done in an arbitrary or capricious manner (*see, Matter of Popp v Town of Cornwall*, 244 AD2d 492, 493; *Matter of Edelman v Axelrod, supra* at 469; *Matter of Wonderly v Division of N.Y. State Police*, 80 AD2d 974). Since the petition alleges evidentiary facts which establish a facially sufficient cause of action alleging that the decision to deny petitioner's request to withdraw his resignation was arbitrary and capricious, dismissal of the first and second causes of action at this time was

error (*see, Matter of Wright v Town Bd. of Town of Ticonderoga*, 160 AD2d 1156).

Although Supreme Court did not directly address the balance of petitioner's claims, we find no reason to disturb their dismissal. First, that part of the petition which challenges the termination of petitioner's probationary promotion is facially insufficient. A probationary employee may be terminated for any or no reason, without a hearing, so long as the dismissal does not result from a constitutionally impermissible purpose or in violation of statutory or decisional law (*see, Matter of Swinton v Safir*, 93 NY2d 758, 763; *Matter of York v McGuire*, 63 NY2d 760, 761; *Matter of Scott v Workers' Compensation Bd. of State of N.Y.*, 275 AD2d 877, 877-878). Since the petition does not allege evidentiary facts suggesting that the dismissal was motivated by an improper purpose or bad faith, this claim was properly dismissed for failure to state a cause of action.

Petitioner's claims under Labor Law § 201-d (unfair labor practices) are matters which fall within the exclusive, nondelegable authority of the Public Employment Relations Board (*see, Matter of County of Suffolk v Novo*, 96 AD2d 902; *Matter of Palumbo v Board of Educ. of City of N.Y.*, 60 AD2d 858). Notably, concurrent with the institution of this proceeding, petitioner filed a claim with the Public Employment Relations Board for improper practice charges under Civil Service Law § 209. Since Supreme Court lacks subject matter jurisdiction of these claims, they were properly dismissed.

With respect to that portion of the petition which alleges a claim for constructive discharge in violation of Executive Law § 296, the petition clearly fails to allege sufficient facts which would indicate that petitioner's resignation was prompted by such difficult or unpleasant working conditions that a reasonable person would have concluded that he or she had no choice but to resign (*see, Viera v Olsten/Kimberly Quality Care*, 63 F Supp 2d 413). Accordingly, we conclude that the petition fails to state a cause of action for constructive discharge (*see, Puricelli v Continental Cas. Co.*, 103 F Supp 2d 91; *Novak v Royal Life Ins. Co. of N.Y.*, 284 AD2d 892).

As a final matter, to the extent that petitioner raises for the first time on appeal a claim that his discharge resulted from undue duress and/or coercion, it is unpreserved for our review (*see, Cahill v Harter*, 277 AD2d 655, 656). Moreover, the petition itself fails to allege any facts which would support such a cause of action (*see, Matter of Cacchioli v Hoberman*, 31 NY2d 287, 291; *Matter of Wolfe v Jurczynski*, 241 AD2d 88, 90-91).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion to dismiss the first and second causes of action; motion denied to that extent; and, as so modified, affirmed.