MARTIN D. DIETRICH, Respondent, v E.I. DU PONT DE NEMOURS AND COMPANY, Appellant. [832 NYS2d 347]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered August 18, 2006. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff was employed by defendant from 1978 until his termination from employment in 2001. Plaintiff commenced this action alleging that defendant unlawfully discriminated against him by discharging him from employment based upon his actual or perceived disability and refusing to provide him with reasonable accommodations with respect to his disability (see Executive Law § 296 [1] [a]; [3] [a]). Plaintiff further alleges that he was harassed and subjected to a hostile work environment because of his actual or perceived disability (see generally Novak v Royal Life Ins. Co. of N.Y., 284 AD2d 892, 892-893 [2001]).

Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. Contrary to defendant's contention, there is a triable issue of fact whether, "upon the provision of reasonable accommodations, [plaintiff was qualified to hold his position and to] perform[ ] in a reasonable manner" the essential function of that position (Executive Law § 292 [21]; see Matter of McEniry v Landi, 84 NY2d 554, 560 [1994]; Engelman v Girl Scouts-Indian Hills Council, Inc., 16 AD3d 961, 962 [2005]). In addition, there is a triable issue of fact whether, in light of the totality of the circumstances, the conduct of plaintiff's supervisors and the plant physician was sufficiently severe or pervasive as to have created a hostile work environment (see generally Novak, 284 AD2d at 892-893; Vitale v Rosina Food Prods., 283 AD2d 141, 143 [2001]; Jordan v Bates

*Adv. Holdings, Inc.*, 11 Misc 3d 764, 772-773 [2006]). Finally, we reject the contention of defendant that plaintiff's cause of action asserting that it refused to provide reasonable accommodations is barred by the doctrine of collateral estoppel based on the prior dismissal of plaintiff's employment discrimination action in federal court (*Dietrich v E.I. du Pont de Nemours & Co.*, 2004 WL 2202656 [WD NY, Sept. 28, 2004]). In its decision, the federal court expressly declined to exercise jurisdiction over plaintiff's claims under the Human Rights Law and dismissed those claims without prejudice (*id.* at \*14), and the discussion of reasonable accommodations in a footnote in the decision was not essential to the federal court's determination (*see Jordan v Bates Adv. Holdings*, 292 AD2d 205, 206-207 [2002]; *Lamontagne v Board of Trustees of United Wire, Metal & Mach. Pension Fund*, 183 AD2d 424, 426 [1992], *lv denied* 80 NY2d 759 [1992]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.