# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**135**

**CA 12-01377**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

WILLIAM F. MARTIN, PLAINTIFF-RESPONDENT,

               V                        MEMORANDUM AND ORDER

UNITED PARCEL SERVICE OF AMERICA, INC.,
DEFENDANT-APPELLANT.

---

GREENBERG TRAURIG, LLP, FLORHAM PARK, NEW JERSEY (WENDY JOHNSON LARIO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GARY H. COLLISON, LIVERPOOL, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, A.J.), entered November 17, 2011. The order, among other things, denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for employment discrimination (*see* Executive Law § 296 [1], [3]), and defendant thereafter moved for summary judgment dismissing the complaint. Supreme Court properly denied the motion. Contrary to defendant's initial contention, it is not entitled to summary judgment as a matter of law on the ground that plaintiff is not able to prove all the elements of the causes of action in the complaint. "It is well established . . . that '[a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (*Lane v Texas Roadhouse Holdings, LLC*, 96 AD3d 1364, 1364, quoting *Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903; *see Brown v Smith*, 85 AD3d 1648, 1649).

We reject defendant's further contention that the court erred in concluding that there are triable issues of fact with respect to whether plaintiff could perform the essential elements of his prior position as a center manager. Assuming, arguendo, that defendant met its initial burden of establishing that "plaintiff could not perform the essential functions of the position of a" center manager (*McCarthy v St. Francis Hosp.*, 41 AD3d 794, 794, *lv denied* 9 NY3d 813), we conclude that there are triable issues of fact "whether, 'upon the provision of reasonable accommodations, [plaintiff was qualified to hold his position and to] perform [ ] in a reasonable manner' the essential function of that position" (*Dietrich v E.I. du Pont de*

*Nemours & Co.*, 38 AD3d 1335, 1335, quoting Executive Law § 292 [21]). "[U]nder the broad[ ] protections afforded by the State [Human Rights Law], the first step in providing a reasonable accommodation is to engage in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested" (*Phillips v City of New York*, 66 AD3d 170, 176). Thus, "[t]he need for individualized inquiry when making a determination of reasonable accommodation is deeply embedded in the fabric of disability rights law . . . [E]mployers (and courts) must make a clear, fact-specific inquiry about each individual's circumstance" (*id.* at 175). In an employment discrimination case based on allegations of disability discrimination, "summary judgment is not available where there is a genuine dispute as to whether the employer has engaged in a good faith interactive process" (*id.* at 176; *see Taylor v Phoenixville School Dist.*, 184 F3d 296, 318; *cf. Romanello v Intesa Sanpaolo S.p.A.*, 97 AD3d 449, 451). Here, the court properly determined that defendant failed to eliminate all triable issues of fact with respect to, inter alia, whether defendant engaged in an interactive process to ascertain plaintiff's needs and whether a reasonable accommodation was possible. Finally, we conclude that defendant's remaining contentions are without merit, or they are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered: March 15, 2013                    Frances E. Cafarell
                                           Clerk of the Court