Matter of Shadur v Town of Pawling (2020 NY Slip Op 01175)





Matter of Shadur v Town of Pawling


2020 NY Slip Op 01175


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-13440
 (Index No. 51945/18)

[*1]In the Matter of Robert Shadur, appellant,
v
Town of Pawling, et al., respondents.


Bergstein & Ullrich, LLP, New Paltz, NY (Stephen Bergstein of counsel), for appellant.
M. Randolph Belkin, Latham, NY (Derek L. Hayden of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Pawling, accepting the petitioner's resignation from the position of town attorney, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (James D. Pagones, J.), dated October 30, 2018. The order and judgment granted the respondents' motion to dismiss the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was appointed town attorney for the respondent Town of Pawling, effective January 3, 2018. By letter dated May 11, 2018, addressed to the Town Supervisor, the petitioner gave notice of his intent to resign from the position "as soon as my successor has been identified, and the Town Board is ready to appoint him or her." On May 14, 2018, at the direction of the Town Supervisor, the petitioner's letter was delivered to the respondent Town Clerk, Cathy Giordano, who stamped and filed it in the regular course of business.
Thereafter, despite the petitioner's subsequent attempts to rescind his resignation, which were addressed to the Town Supervisor and the Deputy Town Supervisor, the Town Board accepted his resignation during a meeting on June 13, 2018, and hired a replacement town attorney.
The petitioner commenced this proceeding pursuant to CPLR article 78, contending that his resignation was ineffective, and that he was improperly terminated from his position as town attorney. The Supreme Court granted the respondents' motion to dismiss the petition, finding that the petitioner's resignation was effective, and that he never sought the consent of the Town Clerk for his resignation to be withdrawn or cancelled, in accordance with Public Officers Law § 31(4). We affirm.
Although the petitioner's written resignation was presented to the Town Supervisor instead of the Town Clerk, as required by Public Officers Law § 31(1)(g) and (2), we find that the statute was substantially complied with when the resignation letter was delivered by the Town Supervisor's legislative aide to the Town Clerk, who then filed it in the regular course of business [*2](see Matter of Popp v Town of Cornwall , 244 AD2d 492; Matter of Brescia v Mugridge , 52 Misc 2d 859, 863 [Sup Ct, Suffolk County], affd 29 AD2d 632). Therefore, the petitioner's resignation was effective.
Moreover, since it is undisputed that the petitioner never sought the consent of the Town Clerk to withdraw or cancel the resignation, we agree with the Supreme Court's determination to dismiss the proceeding based on his failure to exhaust administrative remedies (see Public Officers Law § 31[4]; CPLR 7801[1]).
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court