In the Matter of FRED C. DOERING, Respondent, against ADOLF HINRICHS, as Director of Public Works of the City of New Rochelle, et al., Appellants.

Argued May 29, 1942; decided July 29, 1942.

*Aaron Simmons, Corporation Counsel* (*Murray C. Fuerst* of counsel), for appellants. Petitioner's resignation broke his tenure of service. (*People ex rel. Davie* v. *Lynch*, 164 App. Div. 520; *Matter of Weicher* v. *Greene*, 239 App. Div. 652; *People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570; *Matter of Marcus* v. *Ingersoll*, 266 N. Y. 359; *Schwartz* v. *Brandt*, 261 App. Div. 83; *Matter of Abrams* v. *Ryan*, 244 App. Div. 284; *Matter of Canfield* v. *Greene*, 250 App. Div. 181; *Matter of Mullane* v. *McKenzie*, 271 N. Y. 172; *Matter of McEneny* v. *McKee*, 236 App. Div. 140.)

*Seth T. Cole* for respondent. Resignation from a competitive civil service position followed by reinstatement within one year thereafter does not break continuity of service so as to render inapplicable the inverse order of appointment rule for suspension prescribed by section 31 of the Civil Service Law (Cons. Laws, ch. 7). (*Matter of Marcus* v. *Ingersoll*, 243 App. Div. 560; *People ex rel. Davie* v. *Lynch*, 164 App. Div. 517; *Matter of Knights* v. *Staley*, 118 Misc. Rep. 837; *Matter of Horn* v. *Gillespie*, 267 N. Y. 333; *Matter of Spivak* v. *Delaney;* 264 N. Y. 491; *Matter of Weiher* v. *Greene*, 239 App. Div. 652; *United States* v. *Thornton*, 160 U. S. 654.)

LEHMAN, Ch. J. On April 14, 1941, the Council of the City of New Rochelle adopted an ordinance purporting to abolish the position, which the petitioner then held, of " Clerk in Central Garage in the Department of Public Works." The petitioner was notified that his services would not be required after April 30, 1941. George F. Mohr was retained in the service of the Department of Public Works in the position of clerk. The Civil Service

Law (Cons. Laws, ch. 7), section 31, provides that any person whose position in the competitive class under civil service law or rules " is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment." The petitioner, claiming that his original appointment was prior to the appointment of George F. Mohr, has brought proceedings under article 78 of the Civil Practice Act for an order directing that he be " reinstated " in the position which Mohr continues to occupy.

The petitioner has alleged in his petition that he was appointed on April 17, 1917, to the position of cost clerk in the Street Department (now Department of Public Works) of the City of New Rochelle after taking a competitive examination for that position; " that petitioner held such position continuously until December 15, 1928, *when he resigned;* that on September 1, 1929, petitioner was duly reinstated to the position of Clerk in the office of the Comptroller (now Department of Finance) of the City of New Rochelle; that on January 1, 1938, petitioner was duly transferred from the Comptroller's office (Department of Finance) to the Department of Public Works." The petitioner further alleges in his petition that George F. Mohr " was first appointed to a position in the service of the City of New Rochelle on April 16, 1925; * * * that said George F. Mohr was originally appointed as the result of a competitive civil service examination to the position of File and Index Clerk, the title of which position was changed to Clerk by resolution of the Municipal Civil Service Commission of the City of New Rochelle adopted July 16, 1929; that said George F. Mohr entered the service of the City of New Rochelle eight years after petitioner entered said service and petitioner is entitled to the seniority rights provided for in section 31 of the Civil Service Law."

The petitioner's claim that after the abolition of the position petitioner held, Mohr should have been suspended and petitioner assigned to perform the duties previously performed by Mohr in accordance with the provisions of section 31, is challenged on the ground that by his resignation in 1928 the petitioner terminated his employment in the civil service of the city; that his " reinstate-

ment " thereafter was in effect a new appointment and that rights of seniority under section 31 must be calculated from that time. If that contention is sustained then Mohr's original appointment in 1925 antedates the petitioner's appointment, and we need not consider other grounds upon which the petitioner's claim that he must be retained in the service of the city and assigned to Mohr's position has been challenged.

In 1928 and 1929, when petitioner resigned his position and was " reinstated " in a similar position in another department, rule XXIII of the Rules for the Civil Service of the City of New Rochelle provided that " any person who has held a position by appointment under the Civil Service Rules, as the result of examination and who has been separated from the service through no delinquency or misconduct on his part, may be reinstated without re-examination in the same or a similar position in the same office or grade, within one year from the date of such separation, provided * * *." The petitioner, we are told, was " reinstated " after his resignation in accordance with the rule.

We assume, but without pausing to consider whether the assumption is sound, that rule XXIII authorized the " reinstatement " or appointment of the petitioner to the position of clerk in the *office of the Comptroller* within one year after he had resigned from the position of clerk in the *Street Department*. In *Matter of Marcus* v. *Ingersoll* (266 N. Y. 359, 361), this court, while considering the effect of a similar rule, held that where a person who had resigned from a position in the competitive class in the civil service is within one year thereafter appointed to a different position, and such appointment is in no wise " connected with the previous service " but is made from an eligible list promulgated after competitive examination, the new appointment " must be regarded as an original appointment, and forms the date from which the petitioner's place in the order of suspension must be determined." We expressly left open, however, the question of the date from which the order of suspension must be determined where, without new examination, there has been a re-entry into the service by reinstatement or by a new appointment which would be unauthorized by the Civil Service Law and would be prohibited by the Constitution of the State unless there had been previous service under an

appointment, made after merit and fitness were ascertained by competitive examination.  " Reinstatement," we there said, " might then have the effect of wiping out the resignation and renewed service might be traced in unbroken line to original appointment." The question is now posed whether " reinstatement " after resignation actually has that effect.

We confine our consideration to the effect of " reinstatement " *after resignation.*  Perhaps " separation " from the service otherwise effected might in some circumstances be only tentative, and after reinstatement, renewed service might perhaps " be traced in unbroken line to original appointment."·  A resignation constitutes a complete break in the service, and the absolute termination of relations.  Thereafter the person resigning has no rights or duties. Reentry into the service can be accomplished only by the voluntary act of the person who has power of appointment.  The prior service may furnish sufficient ground for the legislative authorization of reentry into the service without a new examination;— the reentry marks, nonetheless, a new beginning and the renewed service cannot be traced further back in unbroken line.  The renewed service is based upon a new appointment, though called reinstatement, and marks the date which determines right to priority in the order of suspension.

The order of the Appellate Division should be reversed and that order of the Special Term affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.