■ In the Matter of ARTHUR L. SPURLING, Appellant, v POLICE DEPART-MENT OF THE CITY OF NEW YORK et al., Respondents.—Judgment entered January 20, 1975, in Supreme Court, New York County, unanimously affirmed, without costs and without disbursements. Petitioner was appointed a member of the Police Department of the City of New York on August 1, 1966. He resigned effective midnight July 27, 1973, for the stated reason that he desired to go into business for himself. By application dated May 23, 1974, petitioner sought reinstatement to the department. He listed as his reason for resignation, "I wanted to go into business" and explained his desire for reinstatement, stating, "the thing didn't work out." The application was disapproved and petitioner commenced this article 78 proceeding to review respondents' determination, terming the disapproval arbitrary and capricious. Special Term dismissed the petition noting correctly that the appointing officer is vested with discretion to approve or disapprove an application for reinstatement. The language of *Matter of Doering v Hinrichs* (289 NY 29, 33), from which Special Term quoted is significant. "A resignation constitutes a complete break in the service, and the absolute termination of relations * * * Reentry into the service can be accomplished only by the voluntary act of the person who has power of appointment." *(Matter of Doering v Hinrichs, supra,* p 33; see, also, NY City Civ Serv Comm Rules & Reg., rule VI, par 6.2.1). Respondent acted within the scope of his discretionary power and is not required to state a reason for the action taken. Concur —Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.