■ In the Matter of DAVID WONDERLY, Respondent, v DIVISION OF NEW YORK STATE POLICE et al., Appellants. — Appeal from a judgment of the Supreme Court at Trial Term, entered January 29, 1980 in Essex County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for reinstatement as a State trooper. Petitioner, a uniformed State trooper, attended a meeting with his commanding officer on May 23, 1979. Confronted with a series of alleged improprieties, he was advised by this superior that he could either resign from the State Police or face charges which would ultimately result in his dismissal. His decision was required forthwith and, in response, petitioner submitted a letter of resignation to become effective two weeks in the future. He was then informed that postponement of the termination date was unacceptable and that his resignation must become effective immediately. Petitioner so revised his letter at approximately 6:00 P.M. However, some two and one-half hours later, petitioner telephoned his immediate superior and stated that he desired to withdraw his resignation. The next afternoon he delivered a letter formally withdrawing his resignation. When these efforts to rescind his earlier decision met with no success, the instant CPLR article 78 proceeding was commenced seeking reinstatement to his position. The court granted relief following a trial of the issues and this appeal ensued. There should be an

affirmance. It our view, respondents' failure to consent to the withdrawal of petitioner's letter of resignation was an abuse of discretion. It is conceded that petitioner's attempts to reverse his decision occurred before the letter of resignation was approved (Executive Law, § 215, subd 3; cf. *Matter of Bloomer v Kirwan,* 36 AD2d 775). The applicable statute, subdivision 4 of section 31 of the Public Officers Law, provides that: "A resignation delivered or filed pursuant to this section, whether effective immediately or at a specified future date, may not be withdrawn, cancelled, or amended except by consent of the officer to whom it is delivered or body with which it is filed." Although this statute obviously grants broad discretion to the proper authority, here the Superintendent of State Police, it is equally plain that the discretion so conferred may not be exercised in an arbitrary or capricious manner (cf. *Carlisle v Bennett,* 268 NY 212, 217). In the instant case, the demand for immediate action and, after subsequent reflection, the prompt request to withdraw the resignation prior to any action thereon, are sufficient circumstances to support the conclusion that there had been an abuse of discretion (see *Matter of Brescia v Mugridge,* 52 Misc 2d 859, affd 29 AD2d 632). It may be that his reinstatement will prove to be short-lived, but there was no rational basis for refusing to honor petitioner's timely request. Judgment affirmed, with costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.