■ In the Matter of ORGANIZATION TO ASSURE SERVICES FOR EXCEPTIONAL STUDENTS, INC., et al., Appellants, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered August 28, 1980 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondents to recompute reimbursement tuition rates for instruction of handicapped students without a retroactive ceiling on pedagogical staff salary increases. The petitioner Organization to Assure Services for Exceptional Students (OASES), is a nonprofit corporation comprised of approximately 25 private schools which have been approved by the Commissioner of Education to provide education for handicapped children for whom no adequate facilities exist in the public school system. The other petitioners, Herbert G. Birch School, Inc., Stephen Gaynor School and Summit School, Inc., are members of OASES who have contracted

with the State to provide education for certain handicapped children and are entitled to tuition reimbursements under the Education Law. In or about March, 1979, the Birch and Gaynor schools submitted budgets for the 1979-1980 school year to the Commissioner of Education so that he could establish the tuition reimbursement rates. The budgets included substantial increases in the salaries of the pedagogical staff. Petitioners claim that the salary increases are required because of certain recent changes which brought about the rapid expansion of special education programs requiring the schools to upgrade their pay scale to retain their pedagogical staffs. Petitioners assert that the Commissioner of Education now requires that teachers in private schools be certified and that recent changes in the law have increased the number of handicapped children to be educated creating a demand for special education teachers. Traditionally, private school teachers were paid less than teachers employed in the public schools. In or about November, 1979, petitioners were notified that their requested tuition rates had been substantially reduced. The commissioner had placed a 4.5% across-the-board ceiling on all staff salary increases. This ceiling was the result of the establishment of so-called guidelines. However, these guidelines were never formally adopted as regulations. The 4.5% figure was derived from a 1979 Public Employees Relations Board (PERB) report indicating that 4.5% was the average salary increase for all teachers in the same geographical area. Special Term found that the Commissioner of Education had discretion to limit pedagogical staff salary increases and that the ceiling based on the PERB report was not unreasonable. Special Term also ruled that Summit School's petition to have its tuition reimbursement rates set by the Commissioner of Education instead of the Commissioner of Social Services was premature on the ground administrative remedies had not been exhausted. Petitioners then appealed to this court. The judgment entered at Special Term should be reversed, the petition granted and the matter remitted to the Commissioner of Education for recomputation of the petitioners' reimbursement tuition rates for the 1979-1980 school year. While the Commissioner of Education has the authority to limit tuition reimbursement rates, he may not adopt an across-the-board limitation without formally adopting a regulation to that effect. The commissioner's limitation on pedagogical staff salary increases in the instant case was arbitrary. Section 4405 (subd 3, par e) of the Education Law provides: "The commissioner of education shall, annually, *determine the allowable tuition rate* for each private school for the purposes of this subdivision *pursuant to his rules and regulations.* Such allowable tuition rate shall be the maximum amount which a private school may charge for the instruction of a pupil for whom a school district has contracted with such school. These rates shall not become effective until approved by the director of the budget." (Emphasis added.) "Tuition" is defined in the Education Law as follows: " 'Tuition' shall mean the per pupil *cost of all instructional services,* supplies and equipment, the operation of instructional facilities and allowable debt service for the instructional facilities, *as determined by the commissioner.* Approved tuition shall be computed from expenditures from which no revenue has been received from the following sources" (Education Law, § 4401, subd 5). (Emphasis added.) The phrase "cost of all instructional services" is qualified by the phrase "as determined by the commissioner." Moreover, section 4405 (subd 3, par e) gives the Commissioner of Education discretion to determine the "allowable tuition rate * * * pursuant to his rules and regulations." These provisions, when read together, indicate that the commissioner may determine reimbursement tuition rates with respect to "allowable" costs for instructional services (see *Dubendorf v New York State Educ. Dept.,* 97 Misc 2d 382, mod 71 AD2d 837). Petitioners' argument that the 4.5% ceiling on pedagogical staff salary in-

creases in all private schools providing education to handicapped children is in reality a rule or regulation has merit. A "rule" is defined in section 101-a (subd 1, par b) of the Executive Law. A rule that is not formally adopted pursuant to the procedural requirements of the New York State Constitution and the Executive Law is invalid (NY Const, art IV, § 8; Executive Law, § 101-a, subd 6). In the instant case, the ceiling was imposed across-the-board and without respect to the needs of the individual schools involved. The fact that the Commissioner of Education at one point was willing to raise the ceiling to 8% does not indicate a "flexibility" which would render the across-the-board policy a mere guideline as claimed. In our view, the ceiling is therefore invalid for failure to comply with procedural requirements. The Commissioner of Education, although possessed of the power to limit reimbursable tuition rates, cannot do so in an arbitrary or capricious manner (see *Carlisle v Bennett,* 268 NY 212; *Matter of Wonderly v Division of N. Y. State Police,* 80 AD2d 974). The ceiling in the case at bar is arbitrary because it is based on the salary of all teachers and not limited to teachers of the handicapped. The market conditions for teachers of the handicapped differ markedly from those for other teachers. Furthermore, the ceiling will not accomplish the apparent economic saving desired by the Commissioner of Education. To the contrary, it has created an anomolous situation where newly hired staff may be paid at higher market salaries than retained experienced staff whose salary increases are subject to the ceiling. Petitioners' contention that since the tuition rate was not adopted by May 1, they were entitled to assume that the commissioner had impliedly consented to their proposed budgets is rejected. Submitted budgets only establish provisional tuition rates which, as petitioners should have realized, must be reviewed by a number of persons before they are finalized. Tuition rates established by the commissioner are subject to the approval of the director of the budget (Education Law, § 4405, subd 3, par e) and may be changed after a State audit (8 NYCRR 200.9 [f]; see *Dubendorf v New York State Educ. Dept.,* 97 Misc 2d 382, 396, *supra).* The estoppel doctrine therefore has no application in this case. Finally, we conclude that the Commissioner of Education and not the Commissioner of Social Services is the proper authority to determine allowable tuition reimbursement rates for petitioner Summit School for the school year 1979-1980 and thereafter. There is no dispute over the fact that Summit School provides services under article 89 of the Education Law. This issue is one of law, namely, the correct interpretation of the statute (Education Law, § 4405). Special Term improperly ruled that the request was premature. Administrative remedies in such cases need not be exhausted (see *Matter of De Vito v Nyquist,* 56 AD2d 159, 161, affd 43 NY2d 681). Judgment reversed, on the law, without costs, petition granted, and matter remitted to the Commissioner of Education for recomputation of the petitioners' reimbursement tuition rates for the 1979-1980 school year. Sweeney, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). I dissent and vote to affirm on the opinion of Mr. Justice Harold J. Hughes at Special Term.