■ In the Matter of THOMAS D. FARRAR, Appellant, v STATE OF NEW YORK, WASSAIC DEVELOPMENTAL CENTER, et al., Respondents. — In a proceeding pursuant to CPLR article 78 for an order directing respondent, Wassaic Developmental Center, to rehire the petitioner as a permanent employee, with all back pay, benefits and accruals, or, in the alternative, for an order, *inter alia,* directing respondent, Harlem Valley Psychiatric Center, to accept the petitioner as a full-time, permanent employee, the appeal is from a judgment of the Supreme Court, Dutchess County (Leggett, J.), dated June 4, 1982, which denied the application. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that respondent Wassaic Developmental Center is directed to rehire petitioner as a permanent employee and pay him all back pay, benefits and accruals as of October 14, 1981, less the amount of compensation which he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received since such date. Petitioner was a mental hygiene therapy aide at Wassaic Developmental Center who resigned from his permanent tenured position at that facility effective October 14, 1981 in expectation of being immediately instated to the same position at Harlem Valley Psychiatric Center upon a promise of employment there. Subsequently, upon learning from Wassaic Developmental Center that petitioner was the subject of an investigation involving alleged patient abuse, Harlem Valley Psychiatric Center withdrew its offer of employment. Petitioner thereupon attempted to withdraw his resignation from Wassaic Developmental Center, but was advised that he could not do so since it had already been accepted. Since petitioner was no longer employed by Wassaic Developmental Center, the investigation of the patient abuse charges was terminated. Under the circumstances here present, we find that Harlem Valley Psychiatric Center did not abuse its discretion when it refused to employ petitioner, since its decision was rationally predicated upon the fact that he was the subject of an investigation of alleged patient abuse. We conclude that once the promise of employment by

Harlem Valley Psychiatric Center, which had prompted petitioner's resignation, had been rescinded, the refusal of Wassaic Developmental Center to allow petitioner to withdraw his resignation was improper because it was based upon allegations of misconduct which were unproven. Petitioner should have been afforded an opportunity to rebut the charges against him (see *Matter of Wonderly v Division of N. Y. State Police,* 80 AD2d 974; 4 NYCRR 5.3 [b], [c]). Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.