■ JOHN A. CORCORAN et al., Appellants, v JOSEPH T. CORCORAN, Respondent.—In a proceeding to stay arbitration, petitioners appeal from an order of the Supreme Court, Suffolk County (Stark, J.), entered December 14, 1984, which, *inter alia,* denied their application.

Order affirmed, with costs.

The two individuals in this matter were each 50% shareholders in Joseph M. Corcoran, Inc. By contract they agreed to take equal responsibility for and draw equal salaries from the corporation.

In a previous arbitration respondent Joseph T. Corcoran sought and was awarded dissolution of the corporation. He was temporarily declared receiver of the corporation but, upon motion of petitioner John A. Corcoran, he was replaced by a third party.

Respondent now demands a second arbitration seeking an accounting by petitioner John A. Corcoran of moneys he allegedly improperly paid to himself prior to the dissolution, in violation of their agreement. Petitioners seek a stay of the arbitration on grounds of res judicata and waiver.

The doctrine of res judicata bars respondent from arbitrating any issue resolved by an earlier arbitration *(see, Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502, 504), or "comprehended in the dispute submitted to the arbitrators" *(Matter of Springs Cotton Mills [Buster Boy Suit Co.],* 275 App Div 196, 199, *affd* 300 NY 586, *rearg denied* 300 NY 680). The arbitration sought here was neither resolved by nor comprehended within the first arbitration; res judicata does not apply.

A party may waive his right to arbitrate by utilizing the judicial system to attain the same relief or determination sought in arbitration *Matter of Zimmerman [Cohen],* 236 NY 15, 19; *De Sapio v Kohlmeyer,* 35 NY2d 402; *Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272). However, no evidence before this court indicates that respondent commenced an action for an accounting or damages under the contract between himself

and the individual petitioner. The most that can be said is that in an action brought by the individual petitioner to remove him as receiver, respondent counterclaimed for payment of certain unexplained amounts allegedly owed to the corporation. Under these circumstances, the counterclaim cannot be said to constitute a waiver of respondent's right, in his individual capacity, to this arbitration. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.