OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*848 Under the New York City school decentralization plan, a community superintendent is the "superintendent of schools” of a community school district of the parent City of New York school system (see, Education Law § 2590-a [6]). In addition to the express obligation to comply with all applicable provisions of law, community school superintendents have the same powers and duties with respect to the schools under their community board’s jurisdiction as did the superintendent of schools of a city district of the City of New York at the time the school system was decentralized pursuant to article 52-A (Education Law § 2590-f [1] [a]; [2]; see, Education Law § 2566). Consequently, certain provisions of article 52 controlling at the time the decentralization article was enacted (Education Law § 2550), by express legislative carryover, remain applicable to community superintendents (Education Law § 2590-f [1]). Thus, Education Law § 2565 (2) prescribes that the particular method for a superintendent of schools to exercise his or her voluntary choice to vacate that position is "by filing a written resignation with the board of education” (emphasis supplied; compare, Education Law § 2507 [2]; § 3019-a). Having prescribed the resignation method, the Legislature has ordained the required procedure, for otherwise the statute would serve no purpose and we may not ascribe to the Legislature a vain act.
For this reason and for the purpose at issue, the general exclusion of City of New York community superintendents from the category "superintendent of schools” in General Construction Law § 47-a has no application here. The legislative history to the enactment of General Construction Law § 47-a shows that its purpose was to establish "a single title for all chief school officers other than in the City of New York as ’superintendent of schools’ ” because ”[c]ity school districts * * * are already administered by superintendents of schools” (L 1978, ch 358; June 13, 1978 letter from Senator Donovan, bill sponsor, to Judah Bribetz, counsel to Governor; June 14, 1978 mem from Robert D. Stone, counsel of the State Education Dept, to counsel to Governor; see, Education Law § 2590-a [6]; § 2590-f [1] [a]; § 2566). "Superintendent of schools”, as used in the definition of "community superintendent” of a New York City school (Education Law § 2590-a [6]), takes its meaning independently and is governed by the specific interplay of the provisions of Education Law articles 52 and 52-A, each expressly applicable to the City of New York and its school administration (Education Law §§ 2550, 2590).
*849 Inasmuch as it is undisputed that community superintendent Petrella did not file a written resignation with the board pursuant to Education Law §2565 (2), the resolutions of the community school board purportedly accepting his oral resignation and terminating his employment were inoperative and were properly annulled by both lower courts.
Having decided this case on the narrowest applicable ground, we need reach no other issues.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.