■ In the Matter of HAMOND WALKER, Respondent, v PATRICIA A. ROACH, as Executive Director of Kingsboro Psychiatric Center, et al., Appellants. [600 NYS2d 485] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Office of Mental Health dated April 3, 1990, which refused consent to the withdrawal of the petitioner's letter of resignation from his position as a Secure Care Treatment Aide, the appeal is from a judgment of the Supreme Court, Kings County (Huttner, J.), dated May 14, 1991, which granted the petition and directed the reinstatement of the petitioner with full back pay, without any loss of benefits.

Ordered that the judgment is modified, on the law, by adding a provision thereto reducing the back pay awarded to the petitioner by the amount of any unemployment insurance benefits received by the petitioner since his resignation took effect; as so modified, the judgment is affirmed, with costs to the petitioner, and the matter is remitted to the Supreme Court, Kings County, for a calculation of the amount of back pay due to the petitioner.

We agree with the Supreme Court that, under the circumstances of this case, the appellants' refusal to allow the petitioner to withdraw his resignation within hours after the time it was tendered and before it was to take effect was an improvident exercise of discretion *(see, Matter of Wonderly v Division of N. Y. State Police,* 80 AD2d 974). Moreover, the resignation was based on unproven allegations of misconduct which the petitioner should have been afforded an opportunity to rebut *(see, Matter of Farrar v State of New York, Wassaic Dev. Ctr.,* 92 AD2d 546).

However, in granting the petition and ordering the petitioner's reinstatement, the Supreme Court should have reduced the award of back pay by the amount of unemployment insurance benefits received by the petitioner during that period, if any (see, Civil Service Law § 75 [3]). The matter is therefore remitted to the Supreme Court, Kings County, for a calculation of an appropriate award of back pay. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.