■ In the Matter of OVIDIO BORRERO, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents. [602 NYS2d 392] —Judgment, Supreme Court, New York County (Charles E. Ramos, J.) entered June 2, 1992, which dismissed petitioner's petition for reinstatement as a correction officer, unanimously affirmed, without costs.

Petitioner, subsequent to his resignation, seeks reinstatement to his position as a probationary correction officer. However, since the rules and regulations of the City Personnel Director do not provide for reinstatement of a probationary employee, petitioner has not established his entitlement to judicial review of respondent's refusal to reinstate him *(Matter of Spurling v Police Dept.,* 49 AD2d 823, *appeal dismissed* 38 NY2d 826). Were we to review respondent's determination, we would find that in light of the confidential review of petitioner's personnel history that was undertaken, petitioner did not establish that his request was denied in bad faith. Petitioner's remaining arguments were not raised before the IAS Court and cannot be asserted for the first time on appeal *(see, Matter of Belgrave v Ward,* 72 AD2d 898). Concur—Sullivan, J. P., Ellerin, Kupferman and Nardelli, JJ.