■ In the Matter of GINA GROGAN, Appellant, v HOLLAND PATENT CENTRAL SCHOOL DISTRICT et al., Respondents. [693 NYS2d 792] —Judgment unanimously affirmed without costs. Memorandum: Petitioner was employed as a food service worker in respondent Holland Patent Central School District. On February 12, 1997, she submitted a letter of resignation stating that her resignation was to take effect immediately. After the letter of resignation was forwarded to the Clerk of respondent Board of Education (Board), petitioner sought to withdraw her resignation. Petitioner commenced the instant proceeding pursuant to CPLR article 78 challenging the Board's refusal to consent to the withdrawal of her resignation.

Supreme Court properly denied the relief sought in the petition. Delivery of the letter of resignation to the Clerk of the Board constituted delivery to the Board (see, CPLR 311 [a] [7]; cf., Matter of Sainato v Western Suffolk BOCES, 242 AD2d 301, 302; Matter of Jackson v Board of Educ., 194 AD2d 901, 902, lv denied 82 NY2d 657). After the letter was delivered to

the Board, the "appointing authority", it could not be withdrawn without the Board's consent (4 NYCRR 5.3 [c]; Oneida County Rules for Classified Civil Service rule XX [3]). "Since the record reveals a reasonable basis for the [Board's] decision not to consent to the petitioner's withdrawal of [her] resignation, and there is no indication that the decision was affected by an error of law, was arbitrary and capricious, or that it constituted an abuse of discretion, this Court may not substitute its judgment for that of the [Board]" (*Matter of Popp v Town of Cornwall*, 244 AD2d 492, 493). Finally, the court properly referred the claims of harassment and constructive discharge, relating to events preceding petitioner's resignation, to the Public Employment Relations Board. (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.—CPLR art 78.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.