■ In the Matter of ODILON MARTINEZ, Respondent, v STATE UNIVERSITY OF NEW YORK-COLLEGE AT OSWEGO et al., Appellants. [787 NYS2d 409]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 8, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, compel respondent State University of New York-College at Oswego to accept petitioner's withdrawal of his letter of resignation.

The facts giving rise to this proceeding are more fully set forth in our previous decision (294 AD2d 650 [2002]). In brief, in June 2000, petitioner was informed by his employer, respondent State University of New York-College at Oswego, that his probationary position as Laborer, grade 6 was to be terminated and that he would be reinstated as a Cleaner, grade 5. Appar-

ently embarrassed by this demotion, petitioner met with Marta Santiago, the University's manager of human resources, and informed her that he wished to resign. Accordingly, Santiago prepared a letter of resignation, which petitioner signed. The following day, petitioner received notice that his resignation had been accepted. Two business days later, petitioner wrote to Santiago seeking to withdraw his resignation. Santiago denied the request to withdraw because petitioner's resignation "had already been accepted."

Petitioner thereafter commenced this CPLR article 78 proceeding alleging, inter alia, that the decision to deny his request to withdraw his resignation was arbitrary and capricious. Respondents made a preanswer motion to dismiss the petition, which was granted by Supreme Court. On appeal, we reversed and remitted the matter to Supreme Court (*id.*). Upon remittal, Supreme Court ruled, without a hearing, that Santiago's refusal to permit petitioner to withdraw his resignation was arbitrary and capricious. Respondents now appeal.

As a starting point, it is clear that a resignation may not be withdrawn after it has been delivered to the appointing authority without the consent of such authority (*see* 4 NYCRR 5.3 [c]). Furthermore, inasmuch as a decision to consent to a withdrawal of a resignation is a discretionary act, a proceeding challenging a refusal to consent to withdrawal is in the nature of mandamus to review (*see Matter of Edelman v Axelrod,* 111 AD2d 468, 469 [1985]). Accordingly, we are called upon to determine whether the refusal here was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]).

It is of note that Santiago's initial explanation for her refusal to consent to the withdrawal of the letter of resignation was that it already had been accepted. It was not until two years later, in November 2002, when Santiago submitted an affidavit in support of respondents' answer that she explicated that her denial of petitioner's request was based upon a number of work performance deficiencies, such as problems with his use of sick leave and his taking work breaks at inappropriate times. While we acknowledge that reliance upon an employee's work record may form a rational basis for refusing to consent to the withdrawal of a resignation (*see Matter of Rychlick v Coughlin,* 99 AD2d 863, 865 [1984], *affd* 63 NY2d 643 [1984]), a refusal to consent simply because the resignation already has been accepted might, under certain circumstances, be considered an abuse of discretion (*see Matter of Walker v Roach,* 195 AD2d 563 [1993]; *Matter of Wonderly v Division of N.Y. State Police,* 80 AD2d 974, 975 [1981]).

Santiago's initially stated reason that she refused to consent to a withdrawal because the resignation already had been accepted and her subsequently stated reason that her refusal was based upon a number of performance-related issues creates a credibility issue for determination by the fact finder. In short, a hearing is required to determine whether the reasons for refusal asserted in Santiago's affidavit in support of respondents' answer were pretextual and, if so, whether her initial reason, given the circumstances found to exist here, constituted an abuse of discretion.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.