■ In the Matter of KARIEM MCCLINE, Appellant, v NEW YORK STATE OFFICE OF CHILDREN & FAMILY SERVICES et al., Respondents. [789 NYS2d 894]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated September 16, 2003, which declined to consent to the withdrawal of the petitioner's letter of resignation from his position as a Youth Division Aide III, the petitioner appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 21, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed.

Pursuant to 4 NYCRR 5.3 (c), a resignation by one in the civil service may not be withdrawn, following its delivery, without the consent of the appointing authority. "Whether to permit a resignation to be withdrawn is . . . committed to the discretion of the appointing authority" (*Matter of Edelman v Axelrod,* 111 AD2d 468, 469 [1985]). As a discretionary act, such a determination will be upheld unless it is arbitrary or capricious or an abuse of discretion (*see Matter of Martinez v State Univ. of N.Y.— Coll. at Oswego,* 13 AD3d 749 [2004]; *cf. Matter of Popp v Town of Cornwall,* 244 AD2d 492 [1997] [decided under Public Officer Law § 31 (4), which contains language similar to 4 NYCRR 5.3 (c)]).

The record in this proceeding demonstrates that the challenged determination was neither arbitrary, capricious, nor an abuse of discretion. Accordingly, this Court may not substitute its judgment for that of the respondents.

The petitioner's remaining contentions are without merit. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.