In the Matter of JAMES W. PISHOTTI, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. [833 NYS2d 675]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered December 29, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to accept petitioner's withdrawal of his letter of resignation.

Petitioner, a construction equipment operator, had been placed on disciplinary probation by respondent for violations of its policy against violence in the workplace. To avoid immediate termination for violating his disciplinary probation, petitioner submitted a written resignation to be effective January 31, 2005. Although the resignation had been accepted by the director of personnel on February 2, 2005, petitioner, on February 10, 2005, sought to withdraw his resignation. When the director of personnel refused to allow withdrawal, petitioner commenced this CPLR article 78 proceeding challenging the refusal as arbitrary and capricious. Supreme Court dismissed the petition, concluding that the refusal to allow withdrawal of the termination was neither arbitrary nor capricious. Petitioner appeals and we affirm.

Petitioner's resignation was properly accepted by respondent's director of personnel. Public Authorities Law § 352 (3) provides that respondent "may delegate to one or more of its members or its officers, agents and employees such powers and duties as it may deem proper." Here, respondent's bylaws authorize respondent's chair to delegate the power to appoint and remove employees. In September 2002, respondent's chair delegated the power to appoint and effect probationary terminations to department heads and division directors within their respective areas of employment. Acceptance of a resignation in lieu of disciplinary removal is a logical extension of that delegated authority. Although, as petitioner points out, the bylaws contained in the record were not in effect at the time of the delegation, the ap-

propriate bylaws have been submitted by respondent to the court and may properly be considered, even though dehors the record (*see Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667 [1989]; *State of New York v Peerless Ins. Co.,* 117 AD2d 370, 374 [1986]). Contrary to petitioner's argument, *Matter of Sassone v New York State Thruway Auth.* (171 AD2d 308, 310 [1991]) is not authority for the proposition that the power of appointment and termination is a nondelegable duty, as it was unnecessary to reach that issue in deciding that case.

Next, we find no merit to petitioner's argument that the failure of respondent to file its bylaws with the Secretary of State renders them invalid. These bylaws relate only to the organization and internal management of respondent (*see* NY Const, art IV, § 8; Executive Law § 102 [2]; Public Authorities Law § 354 [5]).

Lastly, we disagree with petitioner that the refusal to allow him to withdraw his letter of resignation constitutes an abuse of discretion or was an arbitrary and capricious act. Whether to allow the withdrawal of a letter of resignation is a decision to be made by the appointing authority in the exercise of sound discretion (*see Matter of Martinez v State Univ. of N.Y.,* 294 AD2d 650, 650 [2002]). Petitioner admitted violating respondent's workplace violence policy and violating the one-year disciplinary probation imposed thereon by another act of violence. Under such circumstances, refusal to allow withdrawal of the resignation does not constitute an abuse of discretion nor amount to an arbitrary and capricious act (*see Matter of Popp v Town of Cornwall,* 244 AD2d 492, 493 [1997]; *Matter of Schweit v Abate,* 200 AD2d 522, 523 [1994]).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.