In the Matter of ROBERT LEWIS, Respondent, v STATE UNIVERSITY OF NEW YORK DOWNSTATE MEDICAL CENTER et al., Appellants. [875 NYS2d 189]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the State University of New York Downstate Medical Center dated September 27, 2004, denying the petitioner's request to be reinstated to the position of State University Police Officer, the appeal is from a judgment of the Supreme Court, Kings County (Saitta, J.), dated November 26, 2007, which granted the petition, annulled the determination, and directed that the petitioner be reinstated to the position of State University Police Officer with back pay and benefits.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In April 2004 the petitioner tendered a written resignation

from his position as a police officer at the State University of New York Downstate Medical Center (hereinafter DMC). After DMC issued a written denial of his requests to withdraw his resignation and be reinstated to his former position, he commenced this proceeding pursuant to CPLR article 78, inter alia, to review DMC's determination denying his request for reinstatement. In the judgment appealed from, the Supreme Court granted the petition, annulled the determination, and directed that he be reinstated to the position of State University Police Officer with back pay and benefits. We reverse.

Pursuant to 4 NYCRR 5.3 (c), a resignation by one in the civil service may not be withdrawn, following its delivery, without the consent of the appointing authority. The decision to permit a delivered resignation to be withdrawn is a matter committed to the discretion of the appointing authority (*see Matter of McCline v New York State Off. of Children & Family Servs.*, 15 AD3d 580 [2005]; *Matter of Martinez v State Univ. of N.Y.-Coll. at Oswego*, 13 AD3d 749, 750 [2004]; *Matter of Edelman v Axelrod*, 111 AD2d 468, 469 [1985]). "As a discretionary act, such a determination will be upheld unless it is arbitrary or capricious or an abuse of discretion" (*Matter of McCline v New York State Off. of Children & Family Servs.*, 15 AD3d at 580).

The record demonstrates that the determination denying the petitioner's request for reinstatement was neither arbitrary and capricious nor an abuse of discretion. Affidavits from the petitioner's former supervisors at DMC established that DMC had not consented to the petitioner's withdrawal of his resignation because of, among other reasons, valid concerns over his lack of commitment to his position and his inability to handle a full range of assignments. Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Fisher, J.P., Covello, Angiolillo and Dickerson, JJ., concur.