■ EDDIE SALAS, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [880 NYS2d 282]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered March 6, 2008, which, in a CPLR article 78 proceeding by a former police officer challenging respondent Police Department's determination denying petitioner's request for reinstatement, granted respondent's cross motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

Petitioner alleges that he resigned as a New York City police officer on the eve of a departmental hearing involving charges that he refused to obey an order to make an arrest of a sleeping homeless person, and that the denial of reinstatement was arbitrary and capricious because the arrest would have been unlawful, he was not given proper notice or time to prepare for the hearing, and, contrary to representations made in respondent's acknowledgment of receipt of his request for reinstatement, an investigation of his job performance and postresignation activities was not conducted and he was not given an opportunity to undergo medical and psychological tests. These allegations show a rational basis for the determination not to reinstate (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]), namely, a resignation in the face of departmental charges. The appropriate forum for petitioner's challenge to the lawfulness of the arrest

he refused to make, and the merits of the resulting charges against him, was the departmental hearing. If he was unable to attend or had insufficient time to prepare, his attorney could have appeared on his behalf and raised these issues before the tribunal. Petitioner cites no rule or regulation that required respondent to consider the merits of the departmental charges, petitioner's job performance, or the results of medical and psychological examinations. Nor was respondent required to state a reason for denying reinstatement (*Matter of Spurling v Police Dept. of City of N.Y.*, 49 AD2d 823 [1975], *appeal dismissed* 38 NY2d 826 [1975], citing *Matter of Doering v Hinrichs*, 289 NY 29, 33 [1942], and NY City Civ Serv Commn Personnel Rules and Regs [55 RCNY Appendix A], rule VI, ¶ 6.2.1). Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.