In the Matter of JOSEPH MELBER et al., Appellants, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [896 NYS2d 228]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Donohue, J.), entered November 26, 2008 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Department of Education denying petitioner Joseph Melber's request to withdraw his resignation from his former position.

Petitioner Joseph Melber was employed by respondent Department of Education (hereinafter respondent). On October 31, 2007, Melber became upset and left work early after concerns were expressed as to his mental health. He sent an e-mail to his supervisor a few hours later in which he resigned his position, effective November 1, 2007. Melber sought to withdraw his resignation on November 2, 2007, minutes after respondent had accepted it. Respondent denied that request and Melber filed a grievance, alleging that his resignation was invalid under the terms of the applicable collective bargaining agreement (hereinafter CBA). The grievance ultimately proceeded to arbitration and resulted in an award holding that Melber's resignation was valid under the terms of the CBA and applicable regulations.

While the grievance process was ongoing, petitioners also commenced this CPLR article 78 proceeding, alleging that respondent's acceptance of, and subsequent refusal to permit Melber to rescind, the resignation were arbitrary and capricious. Supreme Court dismissed the petition, holding that

petitioners were precluded from raising issues already decided by the arbitrator, and petitioners now appeal.

Petitioners concede that they cannot relitigate the issues regarding the CBA and applicable regulations resolved by the arbitrator; they do argue, however, that Supreme Court erred in holding that their other arguments were barred by the arbitration award. Inasmuch as those arguments were not before the arbitrator and, in fact, were beyond the scope of his authority under the terms of the CBA, we agree (*see Rembrandt Indus. v Hodges Intl.*, 38 NY2d 502, 504 [1976]; *North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.*, 27 AD3d 439, 440-441 [2006]; *Corcoran v Corcoran*, 114 AD2d 881, 881 [1985], *lv denied* 67 NY2d 601 [1986]). The record adequately allows us to determine the merits of petitioners' remaining claims, however, and we will do so in the interest of judicial economy (*see Matter of Williams v Travis*, 20 AD3d 622, 623 [2005]).

First, petitioners contend that respondent improperly accepted Melber's resignation given language in its employee handbook stating that "[t]he use of electronic mail is not an acceptable method of notification [of a resignation] unless a hard copy, signed by the employee is also received."* In order for this language to effectively limit respondent's ability to accept Melber's resignation, however, petitioners were obliged to "demonstrate reliance upon [the employee handbook's] terms and resulting detriment" (*Rajagopalan v Mount Sinai Med. Ctr.*, 2 AD3d 232 [2003]; *see Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410 [1995]). Petitioners failed to make such a showing here, inasmuch as the record is devoid of proof that Melber was aware of this policy at the time that he submitted his resignation. In any event, Melber refused to comply with it, stating in his resignation that he would not return to the building and that the e-mail message would "have to serve as [his] official letter." Nor did Melber rely upon the policy when he sought to withdraw his resignation, admitting in an e-mail that respondent had "every right to say no" to his request and that he was "prepared for the consequences of" his decision to resign.

Petitioners further assert that respondent should not have ac-

---

* Although issues regarding Melber's resignation, as opposed to respondent's refusal to permit him to rescind it, would ordinarily be beyond our review (*see Matter of Quaranta v Jacobson*, 250 AD2d 544, 545 [1998]), exceptions exist where, as here, the resignation was allegedly ineffective and involuntary (*see e.g. Matter of Petrella v Siegel*, 73 NY2d 846, 849 [1988]; *Matter of Smith v Ravitch*, 121 AD2d 639, 640 [1986]).

cepted Melber's resignation given the questions regarding his mental health. Melber is presumed to have been competent at the time he resigned and the burden rests on petitioners, as the parties arguing to the contrary, to prove otherwise (*see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d 1282, 1284-1285 [2007]; *Matter of Boucher v Regan*, 88 AD2d 1066, 1066 [1982]; *see also* Civil Service Law § 72 [1]). While Melber was upset at the time he tendered his resignation, petitioners provide no evidence to show that he could not understand the consequences of his actions (*see Sears v First Pioneer Farm Credit, ACA*, 46 AD3d at 1284-1285). In any event, respondent did not process Melber's resignation until his welfare had been confirmed, and its decision to accept the resignation was a rational one.

Nor did respondent, as petitioners argue, improperly reject Melber's request to rescind his resignation. Respondent's decision in that regard is a discretionary one that will be disturbed only if it constituted an abuse of discretion or was otherwise arbitrary or capricious (*see* 4 NYCRR 5.3 [c]; *Matter of Pishotti v New York State Thruway Auth.*, 38 AD3d 1122, 1123 [2007]; *Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650, 650 [2002]). Given Melber's prior conflicts with his coworkers and his admissions to them that he had contemplated harming his wife, himself and others, we cannot say that such an abuse occurred here.

Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.