Peters, P.J.
Appeal from a judgment of the Supreme Court (Collins, J.), entered July 30, 2014 in Albany County, which partially granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to, among other things, annul a determination of respondent Division of Criminal Justice Services denying petitioner’s request to withdraw his employment resignation.
Petitioner was employed as a Criminal Justice Program Representative 1 by respondent Division of Criminal Justice Services (hereinafter DCJS). On May 6, 2013, he was served with a notice of discipline charging him with violating certain sections of the DCJS Employee Handbook and Penal Law § 220.03 stemming from his receipt of a controlled substance from a coworker that was not prescribed to him. Petitioner filed a grievance under the applicable collective bargaining agreement and, after declining an initial offer of settlement from DCJS, arbitration of the matter was placed in abeyance pending the outcome of further settlement discussions.
Meanwhile, in response to his application for a position with respondent Justice Center for the Protection of People with Special Needs (hereinafter the Justice Center), petitioner received a provisional offer of employment on July 11, 2013. Four days later, petitioner hand-delivered a letter of resignation to respondent Karen Davis, DCJS’s Director of Human Resources Management, which stated that his last day of work would be July 30, 2013. On July 18, 2013, the Justice Center notified petitioner that his offer of employment had been rescinded. That same day, petitioner sent an email to Davis seeking to withdraw his letter of resignation. By letter dated *1159 July 26, 2013, petitioner was advised that his request to rescind his resignation was denied. He thereafter sent a letter to respondent Michael Green, the Acting Commissioner of DCJS, requesting that DCJS reconsider its decision to deny his request to withdraw his letter of resignation. In response, petitioner was again informed that DCJS did not consent to the withdrawal of his resignation.
Petitioner then commenced this CPLR article 78 proceeding alleging, among other things, that DCJS’s refusal to permit him to withdraw his resignation was arbitrary and capricious, an abuse of discretion and affected by error of law. Following joinder of issue, Supreme Court partially granted the petition, annulled DCJS’s determination and ordered that petitioner be reinstated to his former position with back pay and benefits. This appeal by respondents ensued.
Contrary to the conclusion reached by Supreme Court, petitioner was not entitled to unilaterally withdraw his resignation without consent. Pursuant to 4 NYCRR 5.3 (c), a resignation tendered by a civil service employee “may not be withdrawn, cancelled or amended after it is delivered to the appointing authority, without the consent of the appointing authority” (see Matter of Civil Serv. Empls. Assn., Inc. v Baldwin Union Free School Dist., 84 AD3d 1232, 1234 [2011]; Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr., 60 AD3d 765, 766 [2009]; Matter of Martinez v State Univ. of N.Y.-Coll. at Oswego, 13 AD3d 749, 750 [2004]). There is no dispute that Green, as the Acting Commissioner of DCJS charged with the administration of the agency, was the “appointing authority” (see Civil Service Law § 2 [9]; Executive Law § 836 [2]). However, the Acting Commissioner has the statutory authority to delegate any of his powers to appointed “deputies, directors, assistants and other officers and employees, committees and consultants as he may deem necessary” (Executive Law § 836 [4]). Here, Green had delegated his power to accept employee resignations to the Director of Human Resources Management. Thus, delivery of the letter of resignation to Davis constituted delivery to Green, such that it could not be withdrawn by petitioner without consent (see Matter of Pishotti v New York State Thruway Auth., 38 AD3d 1122, 1122-1123 [2007]; Matter of Grogan v Holland Patent Cent. School Dist., 262 AD2d 1009, 1009 [1999], lv denied 94 NY2d 756 [1999]).
We find that such consent was not improperly withheld. Whether to permit the withdrawal of a delivered letter of resignation is a matter committed to the sound discretion of the appointing authority, and such a determination will be *1160 disturbed only if it constituted an abuse of discretion or was arbitrary and capricious (see Matter of Melber v New York State Educ. Dept., 71 AD3d 1216, 1218 [2010]; Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr., 60 AD3d at 766; Matter of Pishotti v New York State Thruway Auth., 38 AD3d at 1123; Matter of Martinez v State Univ. of N.Y., 294 AD2d 650, 650 [2002]). Green’s decision to deny reinstatement was based upon his consideration of several relevant facts and circumstances, including petitioner’s unequivocal admission to accepting a controlled substance from a coworker and ingesting it at work, in violation of both DCJS’s drug-free work policy and the Penal Law, and that such conduct could have a potentially detrimental effect on DCJS’s reputation and petitioner’s ability to perform his job duties. Under these circumstances, the denial of petitioner’s request to rescind his resignation was neither arbitrary and capricious nor an abuse of discretion (see Matter of Melber v New York State Educ. Dept., 71 AD3d at 1218; Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr., 60 AD3d at 766; Matter of Pishotti v New York State Thruway Auth., 38 AD3d at 1123; compare Matter of Walker v Roach, 195 AD2d 563, 563 [1993]; Matter of Farrar v State of N.Y., Wassaic Dev. Ctr., 92 AD2d 546, 546-547 [1983]).
Lahtinen, Garry and Clark, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner’s application; petition dismissed in its entirety; and, as so modified, affirmed.