■ In the Matter of Francis Lust, Appellant, v State of New York et al., Respondents. [50 NYS3d 172]—

Clark, J. Appeal from a judgment of the Supreme Court (Melkonian, J.), entered October 21, 2015 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent Morrisville State College denying petitioner's request to withdraw his employment resignation.

Petitioner was employed by respondent State University of New York as a police investigator at respondent Morrisville State College. On February 10, 2015, petitioner refused a direct order from his supervisor, the Chief of Police of Morrisville's police department, to run the criminal history of a person accused of committing a sexual assault on campus. Petitioner became "agitated" during the course of his refusal, announced to the Chief his intention to retire and thereafter demanded that the Chief notarize his completed retirement application. Petitioner then visited Morrisville's Human Resources office, where he informed a personnel associate of his intention to retire. The personnel associate informed petitioner that a letter of resignation was required and, upon petitioner's request, prepared a letter of resignation on his behalf, which petitioner reviewed and signed, without making any changes. The letter of resignation stated: "This letter serves as my intent to resign for purposes of retirement on March 30, 2015 close of business." The letter was subsequently delivered to the Director of Human Resources and, by letter dated February 11, 2015, she informed petitioner that his resignation had been accepted.

On February 16, 2015, petitioner informed the Director that, due to financial reasons, he would not be able to retire as intended and, therefore, his earlier letter of resignation was "no longer valid." After conferring with the Chief and counsel, the Director denied petitioner's request to withdraw his resignation and informed petitioner that his last day of employment would be March 30, 2015. Petitioner rejected later offers to use accrued leave time to delay his retirement date, and his employment terminated on March 30, 2015. Petitioner then commenced this CPLR article 78 proceeding asserting, among other things, that the denial of his request to rescind his letter of resignation was arbitrary and capricious, an abuse of discretion or affected by an error of law. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

Despite petitioner's urging to the contrary, we agree with

Supreme Court that petitioner was required to obtain the consent of the appointing authority before he could withdraw his resignation. Pursuant to 4 NYCRR 5.3 (c), a resignation tendered by a civil service employee "may not be withdrawn . . . after it is delivered to the appointing authority, without the consent of the appointing authority." Here, the record evidence established that, at the time of petitioner's resignation, the Board of Trustees of the State University of New York—the appointing authority (*see* Education Law § 355 [2] [g])—had lawfully delegated its power of appointment to the President of Morrisville (*see* 8 NYCRR 326.1 [h]; 333.2, 333.6, 335.1), who, in turn, lawfully authorized the Director, by letter dated September 23, 2014, to be his designee on "all matters related to employee relations and concerns" (*see* 8 NYCRR 333.6, 333.9).

Petitioner argues that the language in the September 2014 designation letter was not sufficiently specific so as to lawfully delegate to the Director the authority to make appointments or decisions relating to employee resignations. However, in an affidavit, the President attested that, by the September 2014 letter, he "delegated [his] powers and responsibilities as the appointing authority to [the] Director," who he gave the "full authority to make decisions regarding whether to accept a resignation and, likewise, whether to deny a request to rescind a resignation from any Morrisville employee, including those employed at the Morrisville University Police Department." The Director also attested that, by the September 2014 letter, the President designated her as an appointing authority. The designation letter, together with these affidavits, established that the President lawfully authorized the Director to be his designee, thereby delegating to her the appointment authority and the authority to accept resignations and deny requests to rescind resignations (*see* 8 NYCRR 333.6, 333.9). Accordingly, delivery of petitioner's letter of resignation to the Director on February 11, 2015 constituted delivery to the President and, thus, petitioner could not unilaterally withdraw his resignation (*see Matter of Cowin v New York State Div. of Criminal Justice Servs.*, 133 AD3d 1158, 1159 [2015]; *Matter of Grogan v Holland Patent Cent. School Dist.*, 262 AD2d 1009, 1009-1010 [1999], *lv denied* 94 NY2d 756 [1999]).

We further agree with Supreme Court that the denial of petitioner's request to withdraw his resignation was not arbitrary and capricious or an abuse of discretion. "Whether to permit the withdrawal of a delivered letter of resignation is a matter committed to the sound discretion of the appointing

authority, and such a determination will be disturbed only if it constituted an abuse of discretion or was arbitrary and capricious" (*Matter of Cowin v New York State Div. of Criminal Justice Servs.*, 133 AD3d at 1159-1160 [citation omitted]; *see Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr.*, 60 AD3d 765, 766 [2009]; *Matter of Pishotti v New York State Thruway Auth.*, 38 AD3d 1122, 1123 [2007]). Here, the record demonstrated that the Director denied petitioner's request to withdraw his resignation after conferring with, among others, the Chief and upon "due consideration" of the reported events leading up to petitioner's tender of his letter of resignation, as well as concerns relayed to her by the Chief. These concerns included petitioner's tendency to become agitated and cause conflicts in the workplace, reports that at least two employees had resigned in part because of the manner in which petitioner treated them and the negative impact that petitioner's strained relationships with employees in other departments had upon the University Police Department. Under these circumstances, it was not arbitrary and capricious or an abuse of discretion to deny petitioner's request to rescind his resignation (*see Matter of Cowin v New York State Div. of Criminal Justice Servs.*, 133 AD3d at 1160; *Matter of Melber v New York State Educ. Dept.*, 71 AD3d 1216, 1218 [2010]; *Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr.*, 60 AD3d at 766). Therefore, Supreme Court properly dismissed the petition.

We have examined and find no merit to petitioner's estoppel argument (*see Matter of Sanders v New York State & Local Employees' Retirement Sys.*, 126 AD3d 1281, 1282 [2015]; *Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys.*, 69 AD3d 1027, 1029 [2010]) or to those of petitioner's remaining arguments that have not been addressed herein.

Garry, J.P., Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.