Matter of Hayes v Nigro (2018 NY Slip Op 07124)





Matter of Hayes v Nigro


2018 NY Slip Op 07124


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-07418
 (Index No. 6523/16)

[*1]In the Matter of Sean Hayes, appellant, 
v
Daniel A. Nigro, etc., et al., respondents.


Kyle B. Watters, P.C., Bayside, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Emma Grunberg of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 10, 2017. The judgment denied the petition, and, in effect, dismissed the proceeding, inter alia, to annul a determination of the respondents Commissioner of the Fire Department of the City of New York dated August 4, 2016, denying reinstatement of the petitioner to the position of firefighter.
ORDERED that the judgment is affirmed, with costs.
In December 2003, the petitioner became a firefighter with the Fire Department of the City of New York (hereinafter the FDNY). In 2012, the petitioner was charged, inter alia, with violating the FDNY's rules and regulations against the use of a prohibited substance. Thereafter, the petitioner entered into a stipulation and agreement with the FDNY, by which he was allowed to retire from the FDNY and vest his pension in lieu of facing the penalty of termination. In exchange, the petitioner admitted to conduct reflecting discredit upon the FDNY arising out of his testing positive for methadone during a random drug test while he was working and violations of the oath of office. Approximately three years later, the petitioner sought reinstatement to the FDNY. In a determination dated August 4, 2016, the Commissioner of the FDNY denied the petitioner's request for reinstatement on the grounds of his disciplinary record and the untimeliness of the request. On November 30, 2016, the petitioner commenced a CPLR article 78 proceeding against the Commissioner of the FDNY and the City of New York seeking, inter alia, to annul the Commissioner's determination and to be reinstated to the position of firefighter with the FDNY. The petitioner also sought discovery of the FDNY's records of all applicants for reinstatement for the period from January 2014 to the date of the commencement of this proceeding. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
A request to the Commissioner for the reinstatement of a firefighter must be made within one year from the date of separation from the FDNY (see Personnel Rules and Regulations of the City of New York 6.2.3[c]). "Reinstatement is not a right" (Matter of McGill v D'Ambrose, 58 AD2d 604, 604), and the decision to reinstate is within the sole discretion of the Commissioner, who is not required to state a reason for denying the reinstatement (see Salas v New York City Police Dept., 63 AD3d 468, 469; Matter of Spurling v Police Dept. of City of N.Y., 49 AD2d 823). " As [*2]a discretionary act, such a determination will be upheld unless it is arbitrary or capricious or an abuse of discretion'" (Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr., 60 AD3d 765, 766, quoting Matter of McCline v New York State Off. of Children & Family Servs., 15 AD3d 580, 580).
The petitioner did not seek to be reinstated as a FDNY firefighter until almost three years after he had left the FDNY as a result of admittedly illegal and potentially dangerous conduct. Accordingly, we agree with the Supreme Court that the determination of the Commissioner was not arbitrary, capricious, or an abuse of discretion (see Matter of McCline v New York State Off. of Children & Family Servs., 15 AD3d at 580).
The discovery sought by the petitioner is not relevant to the Commissioner's individualized and discretionary assessment of the petitioner's application (see Matter of City of Glen Cove Indus. Dev. Agency v Doxey, 79 AD3d 1038, 1038-1039).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court